W. F. CRITCHFIELD, APPELLEE, v. NANCE COUNTY, APPELLANT.

FILED DECEMBER 21, 1906. No. 14,529.

Taxation: ASSESSMENT. The expression "money deposited in bank," as used in section 4 of the revenue act of 1903, is intended to include money on general deposit in bank.

APPEAL from the district court for Nance county: CONRAD HOLLENBECK, JUDGE. *Reversed.*

*J. H. Kemp,* for appellant.

*W. F. Critchfield, pro se.*

AMES, C.

On April 1, 1904, appellee was a depositor to the amount of $1,000 in the First National Bank of Fullerton, in this state. He was also at the same time a debtor of the

Union Stock Yards National Bank of South Omaha upon his promissory note for the same amount. The precinct assessor returned the amount of the deposit for taxation, refusing to set off against it the indebtedness upon the note. Appellee made an unsuccessful attempt to obtain such a set-off by the county board of equalization. He therefore appealed to the district court, by whom the set-off was allowed, and from the order of allowance this appeal is prosecuted by the county.

The first clause of section 28, art. I, ch. 77, Comp. St. 1903, requires of every person of full age and sound mind, being a resident of this state, that he shall list all his moneys for taxation, and section 4 of the same act enacts that "the word 'money' includes all kinds of coin, all kinds of paper issued by or under authority of the United States circulating as money whether in possession or deposited in bank or elsewhere." Money so deposited is expressly discriminated from a "credit," which is defined by section 5 to include "every demand for money, labor or other valuable thing, whether due or to become due." The first said clause of section 28 also expressly requires the listing specifically of all "moneys loaned or invested," and this court held in *Lancaster County v. McDonald*, 73 Neb. 453, that this latter mentioned requirement must be complied with, although the taxpayer may be indebted beyond the amount of such loans and investments. It seems to us quite clear, and it is also in harmony with the decision cited, that the legislature intended to require the listing of moneys in possession and on deposit, regardless of the indebtedness of the depositor.

We do not understand, indeed, that this proposition is controverted by counsel for the appellee, but he seeks to evade its force in the present instance by contending that, as this court has repeatedly held, one having a general deposit in a bank is a creditor of the bank, so he falls within the exception imported into the statute by construction in *Lancaster County v. McDonald*, *supra*, and that therefore the word "deposit," as used in section 4 of the statute,

should be held to mean a special, but not a general, deposit. But the distinction appears to us to be too subtle and far-fetched. A special depositary is merely a bailee, and his possession is the possession of his principal, so that the construction contended for would leave the word "deposited" in section 4 without any practical meaning whatever, for, of course, in the absence of special requirement, a taxpayer would be required to list all his money and property, whether in his own actual possession or in the custody of his agents and bailees. Besides, it is an elementary rule of construction that the words of a statute are to be understood in their ordinary and popular sense, unless the act itself discloses expressly, or by necessary implication, a different intent, and, by the expression of "money deposited in bank," without explicit qualification, is popularly and universally understood to be meant money on general deposit. The question is one solely of legislative intent, which does not appear to us to be in doubt or obscurely expressed, and we therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

REVERSED.