WILLIAM T. WHITE, APPELLANT, V. CITY OF LINCOLN, APPELLEE.

FILED MAY 24, 1907.    No. 14,795.

1. **Taxation: ASSESSMENT: EVIDENCE.** Evidence examined, and *held* to show appellant a resident of the city of Lincoln, and liable to assessment as such.

2. ———: ———. Appellant had $12,000 on April 1, 1905, which he soon afterwards applied on the purchase price of real estate for which he had previously contracted, and by his contract with his grantor assumed the payment of the 1905 taxes assessed against the real estate. *Held*, That an assessment to him of the $12,000 was not a double taxation of his property.

3. ———: ———: DEPOSITS. Money deposited in a bank and evidenced by a certificate of deposit payable on demand is liable to assessment as money, and not as a credit, under the revenue laws of 1903, Comp. St. ch. 77.

4. ———: ———: Property Omitted. Under the provisions of section 7777, Ann. St., the board of equalization of the city of Lincoln has power, upon notice to the person liable, to assess property which has been omitted by the assessor from the tax list.

5. ———: ———: ———: Evidence. In the assessment of omitted property, the board of equalization of the city of Lincoln may reach their conclusions as to property to be placed on the tax list from evidence given upon an investigation in the nature of a judicial proceeding.

Appeal from the district court for Lancaster county: Albert J. Cornish, Judge. *Affirmed.*

*S. J. Tuttle,* for appellant.

*E. C. Strode* and *D. J. Flaherty, contra.*

Epperson, C.

The board of equalization of the city of Lincoln placed on the assessment roll for 1905 an assessment of $12,000 against one William T. White, who thereupon prosecuted error proceedings to the district court, and has appealed from a judgment affirming the order of the board.

1. Appellant's first contention is that he was not a resident of the city of Lincoln on April 1, 1905, and could not be legally taxed for that year. This insistence presents a question of fact which the board of equalization, as well as the district court, has determined adversely to appellant. A review of the record constrains us to adopt their finding as the only reasonable inference to be drawn from the evidence. Appelllant's testimony discloses that he was a resident of the city of Lincoln on January 1, 1905, and that he never removed from Lincoln, though absent therefrom with his family from the latter part of March until June 1, 1905—a part of the time visiting in Butler county and a part of the time boarding with relatives in University Place, a city conveniently near Lincoln. On June 1, 1905, he returned to Lincoln.

2. It appears that on March 25, 1905, appellant entered into a contract with Dr. H. J. Winnett for the purchase

of certain real estate in Lincoln for the agreed consideration of $18,000, $1,000 of which was paid in cash, and the remainder to be paid between the 3d and 20th of April following. Nothing was said in the contract as to the payment of the taxes, but in the deed of April 18 appellant assumed the taxes assessed against the property for the year 1905. On the first of April appellant possessed $12,000 and the contract for the purchase of $18,000 of real estate, and he now argues that, if the assessment of the $12,000 is allowed to stand, the result will be that appellant will suffer double taxation; that is, he must not only pay taxes on the assessed value of the real estate, but also upon the $12,000 which he intended to apply on the purchase price. This contention is devoid of merit. The evidence discloses, and the board was justified in finding, that appellant, as part of the consideration, orally agreed to pay the taxes on the purchase money and also on the property, and that Dr. Winnett was to be relieved from the payment of the same. Appellant cannot now complain because he was compelled to perform his part of the agreement. The money and the real estate were both in existence and subject to taxation. The authorities did not assess the real estate to appellant. By his agreement he gave as a part of the consideration for his purchase $18,000, plus the amount of the 1905 taxes assessed against the property, and for which, were it not for the contract, his grantor would be liable.

3. The $12,000 was deposited in a bank and evidenced by certificates of deposit payable on demand. Appellant now insists that he is entitled to offset against the $12,000 the deferred payments of $17,000 provided for in the contract. We doubt that the $17,000 was an indebtedness which could be offset to reduce appellant's liability for taxation on any credits he may have had. It is unnecessary to discuss that question. As we view it, the money in the bank was liable to assessment without reduction by reason of White's indebtedness. In *Lancaster County v. McDonald*, 73 Neb. 453, it was held: "The statute distin-

guishes between items of property to be scheduled for taxation. The other items named in the schedule are not to be considered as credits, so as to allow indebtedness to be deducted therefrom. Notes and mortgages which represent moneys loaned or invested are not subject to such deduction." In the revenue law we find the following: "The word 'money' includes all kinds of coin, all kinds of paper issued by or under authority of the United States circulating as money whether in possession or deposited in bank or elsewhere." Ann. St., sec. 10403. It is apparent that the legislature intended citizens of the state to pay taxes alike upon cash in hand and money deposited in bank. Had it been intended that money on deposit should be considered as a credit, against which indebtedness may be offset, no occasion would have existed for section 10403, *supra*. And the fact that the bank has issued a demand certificate of deposit does not change the character of the depositor's property interests therein. In *Critchfield v. Nance County,* 77 Neb. 807, it was held: "The expression 'money deposited in bank' as used in section 4 of the revenue act of 1903 (sec. 10403 *supra*) is intended to include money on general deposit in bank." There is no substantial difference between a general deposit and one evidenced by a certificate payable on demand. Each is a fund belonging to and within the control of the depositor. It is money, and not a credit, and as such is liable to assessment.

4. The next proposition advanced is that the board of equalization had no jurisdiction of the subject matter, because the county of Lancaster had made no assessment of the appellant. Section 7777, Ann. St., in part provides: "The city council sitting as a board of equalization * * * shall have power, first, to assess all property real and personal not assessed and which is not exempt. * * * The board shall not increase the assessments of any person * * * until such person * * * shall have been notified by the board to appear before the board and show cause, if any, why the assessment should not be

increased."  Appellant argues that the two provisions must be construed together, that they do not provide for a notice to one who has not been assessed by the assessor, and therefore the board is without jurisdiction.  We cannot accept this view.  By the first provision quoted, power is undoubtedly given to assess one liable who was not previously assessed.  Appellant herein had notice and was within the jurisdiction of the city board of equalization.

5. Appellant finally contends, if we understand him correctly, that as the board did the assessing they should perform the duties of an assessor, and, "upon actual view, list, value, assess, and return all property subject to tax-ation."  This contention also is without merit.  Section 7777, *supra,* gives the board jurisdiction to assess omitted property.  Section 7822, Ann. St., gives them power to compel the attendance of witnesses for the investigation of matters pending before them.  Thus, upon an inquiry in the nature of judicial proceedings, the board is required to ascertain facts and make assessments accordingly.  The law prescribing the duties of assessors does not apply to other revenue officers.

The judgment of the district court is right, and we recommend that it be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.