ERVIN W. SWEETSER *vs.* WILLIAM MANNING.

Middlesex.   November 10, 1908. — January 5, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Tax,* Assessment.   *Statute.*

Money loaned on a mortgage upon real estate dedicated to use as a cemetery is
not a loan upon a " mortgage of real estate, taxable as real estate " under R. L.
c. 12, § 16, since the cemetery is exempt from taxation ; but such a loan is tax-
able as personal property under R. L. c. 12, § 4, cl. 2.

CONTRACT by the tax collector of Chelmsford to recover the
amount of a tax assessed on the personal property of the de-
fendant in 1904.   Writ in the Superior Court for the county
of Middlesex dated November 22, 1906.

The case was tried before *Crosby,* J., without a jury.   He found
for the plaintiff ; and the defendant alleged exceptions.   The
facts are stated in the opinion.

The case was submitted on briefs.

*J. W. McEvoy,* for the defendant.

*F. A. Fisher,* for the plaintiff.

KNOWLTON, C. J.   The plaintiff brings this action as collector
of taxes of the town of Chelmsford, to recover a tax assessed
upon the personal property of the defendant on May 1, 1904.
His right to recover is questioned only on the ground that a
part of the tax was assessed upon the defendant's money at
interest, secured by mortgages on St. Peter's Cemetery in the
city of Lowell, which cemetery is exempt from taxation under
the R. L. c. 12, § 5, cl. 8.

Seemingly the case might be decided in favor of the plaintiff
on the ground that, if the tax was wrongly assessed, the defend-
ant's only remedy was by an application for an abatement.
R. L. c. 12, §§ 73, 74.   *Hicks* v. *Westport,* 130 Mass. 478.   But
as both parties have argued the question whether the property
is liable to taxation, we prefer to put our decision on broader
grounds.

The R. L. c. 12, § 2, provide that " All property real and
personal situated within the Commonwealth, . . . unless ex-

empted by law, shall be subject to taxation." Personal property subject to taxation includes "money at interest, and other debts due the person to be taxed more than he is indebted or pays interest for; but not including in any such debts due him or indebtedness from him any loan on mortgage of real estate, taxable as real estate, except the excess of such loan above the assessed value of the mortgaged real estate." R. L. c. 12, § 4, cl. 2. The property in question is money at interest represented by promissory notes secured by mortgages. But it is not a "loan on mortgage of real estate, taxable as real estate," because the mortgages which secure it are upon a cemetery, and cemeteries are exempt from taxation. Loans on mortgages are taxable as real estate only under the R. L. c. 12, § 16. That section makes taxable as real estate, the interest of a holder of a duly recorded mortgage on real estate not exempt from taxation under § 5. If the mortgaged real estate is exempt from taxation under § 5, the loan on the mortgage cannot be taxed as real estate, and it is left subject to taxation as personal property like other money at interest. See *Knight* v. *Boston*, 159 Mass. 551.

It follows that there is no ground for the defendant's contention that the tax upon these mortgage loans was wrongly assessed.

*Exceptions overruled.*