7] JANUARY TERM, 1913. 619

Citizens S. & T. Co. v. School Sisters of Notre Dame, 151 Wis. 619.

CITIZENS SAVINGS & TRUST COMPANY, Appellant, vs. SCHOOL
SISTERS OF NOTRE DAME, Respondent.

*December 12, 1912—January 7, 1913.*

*Taxation: Mortgage of exempt property: Covenant to pay taxes on
"mortgage:" Tax on bonds not included.*

In a mortgage (in the form of a trust deed) securing bonds, the
mortgagor agreed that it would pay all taxes thereafter law-
fully assessed or imposed upon the mortgaged land, "or upon
this mortgage, or the lien or interest created thereby, . . .
prior to any sale for taxes," and would "deliver duplicate re-
ceipts showing the payment of all taxes levied or assessments
made." This agreement was evidently drawn to meet the pro-
visions of sec. 1042d, Stats., which declares that a mortgage
upon taxable real estate shall, for the purposes of taxation, be
deemed an interest in such real estate, and shall be assessed
and taxed as such interest, etc.; but the mortgaged land was
in fact exempt from taxation, so that said section was inap-
plicable. *Held*, that the agreement did not cover a personal
property tax assessed against a bondholder on account of the
bonds. Such a tax was not a tax upon the "mortgage," nor
upon the "lien or interest created thereby."

APPEAL from a judgment of the circuit court for Crawford
county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

On April 1, 1909, the defendant negotiated a loan of
$40,000 from the plaintiff. As evidence of such loan the de-
fendant executed and delivered to the plaintiff eighty bonds
with interest coupons attached, for $500 each. The first in-
stalment of said bonds, amounting to $3,000, became due April
1, 1911, and a certain amount thereof became due annually
thereafter until April 1, 1919, when the last instalment would
become due. To secure the payment of such bonds the de-
fendant executed and delivered to the plaintiff a trust deed
of certain real estate owned by it and situated in Crawford
county, Wisconsin. On or about April 8, 1909, the plaintiff
sold $27,000 worth of said bonds to the trustees of the estate
of Judson A. Roundy, who resided at Milwaukee, Wisconsin.

In the year 1910 there was assessed against said trustees $26,400 as and for personal property held by them. The amount of tax levied against said trustees on account of said personal property was $720.46. The plaintiff alleges that of said amount the sum of $442.13 was levied and assessed on account of the bonds of the defendant which it held as aforesaid. Such taxes were paid by the trustees of the Roundy estate and demand was made on the defendant for the amount of the taxes so paid. The defendant refused payment, and this action was brought to foreclose the trust deed because of such refusal.

The defendant claimed (1) that the proof failed to show that any tax was levied against the said trustees because of said bonds; (2) that if a tax was levied on account thereof, the proof does not show the amount of the tax which they were called upon to pay because of said bonds; (3) that said bonds were not taxable in Milwaukee; and (4) that the defendant was not liable for the tax thereon, assuming that they were taxable and were taxed there. The trial court sustained the defendant's last contention, and from a judgment dismissing the complaint plaintiff appeals to this court.

For the appellant there were briefs by *Nath. Pereles & Sons,* attorneys, and *Charles S. Carter,* of counsel, and oral argument by *Mr. Carter.*

For the respondent there was a brief by *Carpenter & Poss,* and oral argument by *Paul D. Carpenter.*

BARNES, J. The trust deed which this action is brought to foreclose contained the following provisions:

"The company [the mortgagor] agrees that it will annually hereafter pay and discharge all taxes and assessments which are or may be hereafter lawfully assessed or imposed upon the said property [the real estate described in said mortgage] or upon this mortgage, or the lien or interest created thereby, at the time or times when the said taxes or

assessments shall be respectively due and payable, and prior to any sale for taxes, and will at such times deliver duplicate receipts showing the payment of all taxes levied or assessments made, and will not suffer any waste thereof."

The foregoing is the only recital found in the trust deed pertaining to taxes.

When the trust deed was executed sec. 1042$d$, Stats. (Supp. 1906: Laws of 1903, ch. 378), was in force and provided:

"Whenever taxable real estate shall be subject to mortgage such mortgage for the purposes of taxation shall be deemed an interest in such real estate and shall be assessed and taxed as such interest in the assessment district in which such real estate is located, and not otherwise and may be separately assessed and taxed as hereinafter provided."

The mortgaged property was exempt from taxation by ch. 149, P. & L. Laws of 1869.

In his opinion the circuit court states that "None of the officers or attorneys of the plaintiff knew of this exemption at the time of the execution of the mortgage, and there is nothing in the testimony to indicate that those who acted for the defendant at that time had it in mind."

The appellant insists that sec. 1042$d$ applies to mortgages on taxable real estate only and has no application to defendant's property which was not taxable; that under the provisions of sec. 1034, sec. 1036, as amended by sec. 1, ch. 346, Laws of 1899, and secs. 1040, 1042$i$, and 1056, Stats., the bonds which the trust mortgage was given to secure were assessable to the holders thereof in the assessment district where such bondholders resided, and that the defendant became liable for the payment of such tax under the provision of the trust deed above quoted.

The respondent contends (1) that there was failure of proof to show that any of its bonds were assessed, or, if there was proof that some of them were, there is none to show the amount of the assessment; (2) that the bonds were not taxable; and (3) that it was not liable for the tax in any event.

The trial court sustained the respondent's contention on this latter ground. If the court reached a correct conclusion the judgment must be affirmed.

It is quite apparent from the language used in the trust deed that it was drawn to meet the provisions of sec. 1042d, Stats., which declares a mortgage to be an interest in real estate and requires it to be assessed and taxed as such interest whenever the real estate is taxable. The language used is particularly appropriate to such a situation. It is particularly inappropriate to meet the situation presented by the record. If it was intended to require the defendant to pay such taxes as might be assessed against the bondholders wherever they resided, very inapt language was used to create the obligation. The entire clause is inconsistent with the idea that it was intended to cover a personal property tax assessed against a bondholder, and consistent with the idea that it was intended to cover a tax assessed against an interest in real estate. The taxes were required to be paid before there was any sale for taxes. There is no lien on personal property because of the tax assessed on account of it. There is no sale of personal property for taxes levied because of it, as the term "sale" is ordinarily understood when applied to tax proceedings. The provision calling for the delivery of duplicate receipts is proper enough where specific sums are levied for taxes on parcels of real estate. A lump sum is usually carried out which includes all of the personal property tax of the individual. It would be extraordinary to require the defendant to insist that the various tax collectors separate out the amounts levied for taxes on account of its bonds from the other personal property taxes assessed against the bondholders and compel the various treasurers to give duplicate receipts showing a *pro tanto* payment of the tax. Aside, however, from these makeweights, the language used will not admit of the interpretation contended for by the appellant.

Recurring to the quoted clause of the trust deed, it imposes the following duties on the mortgagor: (1) to pay all taxes and assessments lawfully imposed on the mortgaged property; (2) to pay all taxes assessed or imposed on the mortgage; and (3) to pay all taxes assessed against the lien or interest created by the mortgage.

The first obligation can refer only to general taxes or special assessments levied against the real estate covered by the mortgage. This seems too plain to admit of controversy. The third obligation just as plainly refers to an assessment against some interest in the mortgaged real estate. An assessment on bonds secured by mortgage is not an assessment on the lien or interest created by the mortgage. Such lien or interest is a lien on or interest in the property covered by the mortgage which enables the bondholder to have such property subjected to the payment of the bond.

If the plaintiff has any standing in court it must be because a tax imposed on the bondholder is a tax on the mortgage as well. The appellant contends that the bonds and mortgage were made at the same time and as part of the same transaction and are to be construed together as if they were parts of the same instrument; that one may explain or modify the other, and that the words "note and mortgage," "mortgage indebtedness," "mortgage interest," "interest created by mortgage," and "mortgage" mean one and the same thing, namely, a credit secured by mortgage. From this it is argued that the word "mortgage" as used in paragraph numbered (2), *supra,* means "personal property," and that there was a covenant on the part of the mortgagor to pay taxes on the real estate which was mortgaged to secure the loan, and on the personal property which was created by the loan as well. The sum and substance of the argument is that the word "mortgage" as used in this particular part of the trust deed is broad enough to include and does include any assess-

ment made because of the trust deed or because of the bonds which it was given to secure, or because of both, or because of the debt evidenced by the bonds and the trust deed.

We do not think that an agreement to pay taxes assessed against the collateral held as security for the payment of a note or bond comprehends and includes an agreement to pay taxes assessed against the credit itself or against the note or bond which evidences that credit, where the collateral security consists of a mortgage interest in real estate. There arose out of the transaction between these parties the debt and the corresponding obligation to pay, the bonds which evidenced such debt, and which are property, and the mortgage which was given to secure the payment of the debt. The legislature might tax the credit or the bonds or the mortgage. The imposition of a tax because of the debt or the evidence of it is not necessarily a tax on the security. This is well illustrated by sec. 1042$d$, which provides for a tax on a mortgage interest in real estate at the place where the mortgaged property is located, which the debtor may be compelled to pay by contract, and which is frequently levied in a jurisdiction which is not the domicile of the creditor. We think it is plain that the matter of obligating the defendant to pay taxes that might be assessed against the bondholders was not within the contemplation of the parties when the trust deed was executed; that the words "mortgage" and "lien or interest created thereby" were used as synonymous terms, and that it would be a strained and unwarrantable construction of the clause quoted from the trust deed to hold that the obligation to pay any taxes that might be assessed against the mortgage required the defendant to pay the personal property tax of the bondholders levied because of the bonds. The case was correctly decided by the trial court.

*By the Court.*—Judgment affirmed.