THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* THE TRUST COMPANY OF AMERICA, Appellant.

Tax — recording tax on trust mortgages — tax on deferred issue
of bonds secured by trust mortgage — when trust company liable
for payment thereof.

1. The statute (Tax Law, § 301, as amd. by L. 1906, ch. 532) pro-
viding for the imposition of a tax upon any part of the principal
indebtedness secured by a trust mortgage advanced after the 1st
day of July, 1906, when the mortgage was recorded before that date,
should be construed to impose a tax to be paid to the recording
officer of the county in which the mortgage is first recorded at any
and every time when any amount of the principal indebtedness is
advanced after the 1st day of July, 1906, and upon the amount so
advanced from time to time at the rate prescribed by the statute.

2. Where all of the bonds secured by a trust mortgage were not
issued at the execution thereof, but a part thereof was reserved for
future contingencies, and the trust company, named as trustee in
the mortgage, thereafter and after July 1, 1906, certified a certain
number of such bonds and delivered them so certified to the mort-
gagor for issue, and they were so issued on the same date, the mort-
gage tax imposed by the statute (L. 1906, ch. 532) then became due
and payable thereon, and it was the duty of such company, as trus-
tee representing all the parties interested in the mortgage and
bonds, to pay the tax required by the statute, and upon the failure
or refusal of the company to pay it the state can maintain an
action against the company for the amount of the tax.

*People* v. *Trust Co. of America,* 154 App. Div. 916, affirmed.

(Argued May 6, 1913; decided June 3, 1913.)

APPEAL from a final judgment, entered January 29,
1913, upon an order of the Appellate Division of the
Supreme Court in the third judicial department, which
affirmed an interlocutory judgment of Special Term over-
ruling a demurrer to the complaint.

The nature of the action and the facts, so far as
material, are stated in the opinions.

*Charles P. Howland* for appellant. The complaint
does not state a cause of action. The statute in force at

the time of the advance referred to imposed no liability upon the defendant, the trustee under a trust mortgage, to pay the tax thereon, and no liability was thereafter created for such a case as this. (*City of Rochester* v. *Gleichauf*, 40 Misc. Rep. 446; *City of Rochester* v. *Bloss*, 185 N. Y. 42; *Matter of Pell*, 171 N. Y. 48; *Matter of Lansing*, 182 N. Y. 238; *Matter of Enston*, 113 N. Y. 174; *Matter of Vassar*, 127 N. Y. 1; *Matter of Fayerweather*, 143 N. Y. 114; *Matter of Harbeck*, 161 N. Y. 211; *People ex rel. M. T. Co.* v. *Miller*, 177 N. Y. 51; *Peeple ex rel. Cooper Union* v. *Gass*, 190 N. Y. 323.)

*Thomas Carmody*, Attorney-General (*Franklin Kennedy* of counsel), for respondent. The defendant is liable for the tax sought to be recovered in this action, and the action is properly brought against the defendant for that purpose. (*People ex rel. Eisman* v. *Ronner*, 185 N. Y. 285; *City of Rochester* v. *Bloss*, 185 N. Y. 42, 49; *City of Rochester* v. *Gleichauf*, 40 Misc. Rep. 446, 447; 21 Ency. Pl. & Pr. 382; *Litchfield* v. *Vernon*, 41 N. Y. 123; *League* v. *Texas*, 184 U. S. 156; *Litchfield* v. *McComber*, 42 Barb. 288; 2 Cooley on Taxn. [3d ed.] 832; *Railway Co.* v. *Jackson*, 7 Wall. 262; *Bell's Gap Railroad Co.* v. *Pennsylvania*, 134 U. S. 232; *United States* v. *Railway Co.*, 84 U. S. 322; *Nat. Bank* v. *Kentucky*, 9 Wall. 353.)

Chase, J. Since the former decision of this court herein (*People* v. *Trust Company of America*, 205 N. Y. 74) the complaint has been amended by adding thereto the following paragraphs, viz.:

"That after July 1st, 1906, and on or about February 15th, 1907, the defendant herein, duly certified other bonds in addition to those theretofore issued as aforesaid, serially numbered from thirty-two hundred and one to thirty-six hundred, of the total aggregate of four hundred thousand ($400,000) dollars; and the defendant herein duly delivered such bonds so certified, to the mortgagor, the Union Bag and Paper Company, for issue."

"That thereafter, and on or about February 15th, 1907, the aforesaid bonds, numbered thirty-two hundred and one to thirty-six hundred, certified and delivered by defendant as aforesaid, were issued by said mortgagor, and on or about said date there was advanced on said bonds the sum of four hundred thousand ($400,000) dollars, under and pursuant to the terms of said mortgage; and such sum accrued upon the principal indebtedness of said mortgage and became secured thereby."

By the addition of such paragraphs there are (as it was suggested by the chief judge in the opinion on the former appeal there would be in such case) different questions presented on this appeal than were before the court when the complaint was then considered.

The legislation commencing in 1905 relating to the taxation of mortgages shows a general intention to treat a trust mortgagee as a party to the trust instrument having an active duty to perform in behalf of the holders of bonds secured by the trust mortgage.

The sections of the Tax Law added by chapter 729 of the Laws of 1905 prescribing a property tax on mortgages were wholly remodelled by chapter 532 of the Laws of 1906, and a different scheme of mortgage taxation was provided to take effect July 1st of that year. The tax as provided by the act of 1906 is called a recording tax. The statute provides for the payment of a tax "of fifty cents for each one hundred dollars and each remaining major fraction thereof of principal debt or obligation which is, or under any contingency may be secured by mortgage of real property situated within the state recorded on or after" July 1, 1906. The tax so imposed is payable "on the recording of each mortgage of real property subject to taxes thereunder," and it is further provided that such tax shall be paid "to the recording officer of any county in which the real property or any part thereof is situated," and it is made the duty of the recording officer to indorse upon each mortgage a receipt for

30

the amount of the tax so paid.  The payment of such tax is made certain and secure by the fact that the mortgage can neither be recorded nor enforced unless the tax imposed by the statute is paid as therein provided.

A different provision is made in the act in case of trust mortgages (section 296).  That section provides for the payment at the time of the recording of the mortgage of a tax upon the *amount advanced*, and it is also provided that " the tax for such sums of principal indebtedness as may be advanced, accrue or become secured after the execution and delivery of any such mortgage shall be payable at or before the time when such sums are advanced, accrue or become secured.  Such additional tax shall be paid to the recording officer where such mortgage has been or is first recorded and a receipt therefor shall be indorsed upon the mortgage and payment therefor shall be noted in the margin of the record of such mortgage  *  *  *."

The payment of such tax is made certain and secure by the necessity of obtaining a receipt therefor indorsed upon the mortgage and noted in the margin of the record thereof.

There is a further and independent imposition of a tax upon mortgages recorded prior to July 1st, 1906, when any part of the amount of principal indebtedness is advanced after July 1st, 1906.  Such tax is imposed by section 301, which is as follows:

" A tax is imposed hereby on each mortgage of real property recorded prior to the first day of July, nineteen hundred and six, when any part of the amount of principal indebtedness which is or under any contingency may be secured by any such mortgage is advanced, after first day of July, nineteen hundred and six.  The tax imposed by this section shall be at the rate of fifty cents for each one hundred dollars, and each remaining major fraction thereof which is, or under any contingency may be secured by any mortgage taxed under this section, deducting

therefrom however any tax paid on such mortgage under chapter seven hundred and twenty-nine of the laws of nineteen hundred and five. The tax imposed by this section shall be paid to the recording officer of the county in which the mortgage is first recorded and shall be paid when at any time any part of the said amount of principal indebtedness is advanced after the first day of July, nineteen hundred and six."

Whether it is termed a property tax or a tax upon the benefit derived from the previous record of the mortgage it is due and payable as therein specified.

Such a tax is not made payable by any named person or corporation, neither is its payment made certain or secure by any special provision of the statute. The legislature intended that the tax therein provided should be paid, and it may be inferred that it intended that the persons or corporations actively engaged in the transaction which results in the tax becoming payable be charged with its payment.

After July 1, 1906, and on February 15, 1907, the defendant as trust mortgagee certified $400,000 of bonds and delivered them so certified to the mortgagor *for issue* and they were so issued on the same day. It is upon such $400,000 of bonds that the People seek to compel the defendant as the trust mortgagee to pay the tax. It was necessary that the bonds be so certified by the defendant before they could be issued. They were certified by the defendant with knowledge of the purpose for which they were certified and the defendant is presumed to have had knowledge of the statute relating to the tax on the mortgage held by it payable at the time of the advance to be made upon the bonds so certified.

It is provided in the trust mortgage that " after delivery of $3,000 of said bonds, further bonds shall be certified and delivered by the trustee only upon receipt of a certificate signed by the president or first vice-president and two-thirds of the directors of the mortgagor and that

the same or the proceeds thereof are needed for and will be applied in acquiring or constructing additional plant or property or making additional improvements or additions to the mortgaged property." It will be assumed that such certificate was given to the defendant prior to its certification of the $400,000 of bonds on February 15, 1907. It, therefore, had knowledge by such certificate of the proposed further advance of the principal secured by the mortgage and such certificate also showed to the defendant that the money so to be advanced was then needed for and would be applied as provided by the terms of the mortgage.

The defendant as the trustee named in the mortgage is not only a party thereto but to some extent the representative of all parties interested in the instrument. It is particularly the representative of the persons who own the bonds for which the trust instrument is collateral. As such trustee it has the legal title to the trust property to the extent of the lien thereon provided in the instrument. It cannot be said that there is no duty resting upon the trustee to record the mortgage or to see that it is recorded or to pay the tax on the mortgage required to be paid when a deferred part of the mortgage indebtedness is advanced as provided by the statute quoted.

Whatever may be the general practice as to recording a trust mortgage or in paying the recording tax therefor, or the tax upon the mortgage upon an advancement of any part of the principal indebtedness secured by the mortgage, it is the trustee named as the mortgagee therein who represents the bondholders for whose benefit and security the mortgage is recorded. Any agreement relating to recording the mortgage as between the parties to the instrument affecting the responsibility of the trustee as between the parties to the instrument cannot affect the determination of the questions involved on this appeal. The defendant is not a gratuitous trustee. Its assumption of the duties

devolved upon it is of value. The assumption of the duties of trustee was pursuant to some contract express or implied, and the recording tax or any tax upon the mortgage by reason of the mortgage having been previously recorded is a proper disbursement by it as trustee. Its duty to pay such recording tax or the tax upon the mortgage, as provided by the statute quoted, is imposed by the trust which it has accepted. It rests upon the benefit derived by those for whom the trust is created. When a statute imposes a tax on a transaction and no provision is made in the statute as to which party thereto shall pay it, the actors in the transaction, when acting in the performance of their duty, are liable therefor. The defendant was the principal actor in making possible the advancement after July 1, 1906. Its certification of the $400,000 of bonds was for the express purpose of enabling the mortgagor to secure the advance which was made to it that day.

This action by the sovereign authority should, therefore, be sustained. Section 301 of the statute should be construed to impose a tax to be paid to the recording officer of the county in which the mortgage is first recorded at any and every time when an amount of the principal indebtedness is advanced after the first day of July, 1906, and upon the amount so advanced from time to time at the rate prescribed by the statute.

The judgment should be affirmed, with costs.

HISCOCK, J. (dissenting). This action was brought to recover from defendant as mortgage trustee under a corporate mortgage taxes on account of the certification and issue of $400,000 of bonds out of an issue of $5,000,000 of bonds secured by said mortgage and for which taxes defendant is supposed by the People to be liable under the provisions of section 301, chapter 532, Laws of 1906, relating to mortgage taxation.

Plaintiff's original complaint in connection with other

proper allegations alleged that in June, 1905, the Union Bag and Paper Company, a domestic corporation, executed and delivered a mortgage to the defendant as trustee to secure an issue of not to exceed $5,000,000 par value of bonds and that the defendant accepted the trust and was still acting as trustee; that the mortgage was duly recorded at said date, and prior to July 1, 1906 bonds to the amount of $3,200,000 secured by said mortgage had been issued, and that on February 15, 1907 a further amount of $400,000 of bonds secured by said mortgage were issued. and that on account of said last transaction a tax of $2,000 had become due from defendant to the state.

Defendant's demurrer to this complaint on the ground that it did not disclose any liability on its part was finally sustained by this court in an opinion written by the chief judge. (*People* v. *Trust Co. of America,* 205 N. Y. 74.) Under permission granted to it the plaintiff has served the present amended complaint wherein, in addition to previous allegations, the mortgage in question is referred to and made a part of the complaint, and also it is alleged that after July 1, 1906, defendant, as such trustee as aforesaid, duly certified $400,000 of bonds in addition to those theretofore issued under said mortgage, and " duly delivered such bonds so certified to the mortgagor, the Union Bag and Paper Company, for issue," it not being alleged that the moneys realized on the new loan in any manner passed into its possession. Thus the inquiry becomes whether by grouping these additional facts with those before presented we yet have the statement of a good cause of action under the statute.

Said act took effect July 1, 1906. Prior to that date, chapter 729 of the Laws of 1905 provided for an annual tax " upon each and every debt and obligation and upon the mortgage securing the same," in the case of mortgages recorded after July 1, 1905. Chapter 532 of the Laws of 1906 provided for a new scheme of mortgage

taxation in the shape of a recording tax and generally speaking was only applicable to mortgages recorded on and after July 1, 1906. A variation from the general scheme of the act was contained in section 301 specifically relied upon. This section attempted to provide for a case where a mortgage had been executed and recorded before it took effect, but where part of the amount secured thereby was not advanced until after it became a law. It enacts as follows: "A tax is imposed hereby on each mortgage of real property recorded prior to the first day of July, nineteen hundred and six, when any part of the amount of principal indebtedness which is or under any contingency may be secured by any such mortgage is advanced, after the first day of July, nineteen hundred and six. The tax imposed by this section shall be at the rate of fifty cents for each one hundred dollars, and each remaining major fraction thereof which is, or under any contingency may be secured by any mortgage taxed under this section, deducting therefrom however any tax paid on such mortgage under chapter seven hundred and twenty-nine of the laws of nineteen hundred and five. The tax imposed by this section shall be paid to the recording officer of the county in which the mortgage is first recorded, and shall be paid when at any time any part of the said amount of principal indebtedness is advanced after the first day of July, nineteen hundred and six."

Manifestly this provision does not in explicit terms impose upon the defendant a liability for taxes in respect of the bonds which it certified, and in an attempt to reach a proper interpretation of its provisions much reference is made to prior and subsequent statutory provisions concerning taxation directly or indirectly of mortgages as tending to throw light on legislative intent and purpose. I do not deem it necessary to follow this discussion, for, in my opinion, the determination of the question now presented to us is dependent on an application of the provisions of the particular section which has been quoted

and of general principles of law which can be little aided by reference to other statutes. In fact the counsel for the People asserts that the tax provided for in this section is no part of the general scheme of the statute, and that it "may be considered either a direct property tax on mortgages or a tax on the benefits of recordation after July 1, 1906, with reference to advances already made and the future advances, or a tax on the advances." Then, facing the omission of the statute to specify any one as liable for the tax, or to provide any method of collection, he further argues that where a taxing statute provides no · method of collection of the tax thereby imposed it is not for that reason to fail, but that an action *in personam* may be brought against the person who is liable for the tax. These contentions thus made will be accepted for the purposes of this discussion and the issue thus narrowed to the one whether the defendant should be held to be a person properly liable.

The general rule is that the right of the government to recover a personal judgment for a tax, whether it be regarded strictly as a debt or not, is dependent upon the existence of a duty to pay. (*U. S.* v. *Chamberlin,* 219 U. S. 250, 262; *City of Dubuque* v. *Ill. Cent. R. R. Co.,* 39 Iowa, 56.)

When we attempt to find somewhere an obligation or a duty on the part of this defendant to pay these taxes we search in vain in spite of the additional facts now alleged.

Concededly the statute by its terms imposes upon it no such obligation either in specific or general terms. It does not directly tax certification and it does not, as it might have done and as later statutes do, make the trustee indirectly responsible for the payment of the tax as a condition of its right to certify the bonds.

The mortgage itself under which the defendant is acting contains no provision which has been called to our attention which permits or, much less, requires it to pay this tax in behalf of the mortgagor or bondholders with the

right to recover it over from one or both or to have a superior lien on the mortgage property for repayment. Thus there is no agreement or covenant of the parties on which this action may indirectly rest.

And finally there is, in my opinion, no fact outside of the statute or the mortgage which makes a basis for such an obligation or duty. The duty to pay taxes on a transaction must rest on some privilege or benefit derived from the transaction. Whatever we may regard as the technical subject of the present tax, there can be no doubt that the thing that serves as its substantial foundation is the loan of $400,000 on bonds issued under the mortgage after the statute was passed. The real parties to and beneficiaries under that transaction were the mortgagor who secured the loan and the bond purchasers who advanced it. The defendant was not a principal in the transaction or in a direct sense interested therein or benefited thereby. It had no property right whatever in the mortgage which secured the loan, the money not even passing through its possession as trustee. It was of no direct concern to it whether the loan was made, and will be of no consequence to it whether it be paid when due. As a matter of convenience it was selected as the trustee and agent of the bondholders and intrusted with the discharge of certain duties for their protection and for the performance of which presumably it will receive compensation as its only interest in the entire matter. Amongst these duties was that of certification of bonds, but this like others was one of protection to bondholders by authentication of securities. Certification possesses no peculiar efficacy as a means of casting liability on the trustee. It was not an integral element in the substantial transaction, for bonds might conceivably be certified without consummation of any loan and a loan might be made on bonds which were not certified. In short, unless this tax is to be regarded as one upon the right to act as trustee, which, I suppose, will hardly be claimed, I see

no privilege enjoyed or act performed by the defendant which fairly imposes upon it a duty to pay the same.

It is a well-settled principle that taxing statutes are to be construed strictly in favor of the taxpayer. The statute which we are now considering might easily have been so framed and worded as to require payment of the taxes thereby sought to be imposed at the time when the bonds were issued and protection given to the trustee for the recovery of any sums which it might pay or advance for that purpose. But this was not done, and so far as appears there is now no ready or secure method by which it may recover over from the mortgagor or bondholders, if it shall pay the taxes in question. While the amount involved in this action is not a large one, it may easily happen that establishment of a liability such as is now urged, will throw on some other mortgage trustee an unexpected burden of no light proportions, and it does not occur to us that we should by construction so enlarge the provisions of an obscure and incomplete statute as to impose upon a party a liability which could not have been reasonably anticipated, and for which there is no equitable basis.

We are not called upon to indicate any opinion concerning the liability of the mortgagor, or of the bondholders, for the payment of these taxes, and we are all agreed that there is nothing in the opinion on the former appeal in this case which is controlling of the question now being decided.

The judgment should be reversed, and judgment given for the defendant on demurrer, with costs in all courts.

CULLEN, Ch. J., WILLARD BARTLETT and HOGAN, JJ., concur with CHASE, J.; WERNER and COLLIN, JJ., concur with HISCOCK, J.

Judgment affirmed.