GRAND LODGE, DEGREE OF HONOR, ANCIENT ORDER OF UNITED WORKMEN, APPELLANT; JOHN H. LANGDON, INTERVENER, CROSS-APPELLANT, V. SARPY COUNTY, APPELLEE.

FILED APRIL 1, 1916.   No. 19517.

1. Taxation: MORTGAGES OF REALTY: WHERE TAXED.  Under the mortgage tax law (Laws 1911, ch. 105), being sections 6349-6353, Rev. St. 1913, real estate mortgages are to be taxed only in the county where the land mortgaged is situated.

2. ———: ———: INTEREST IN REAL ESTATE.  Under the tax law above referred to, a mortgage on real estate in this state, when recorded, becomes an interest in real estate for the purposes of assessment and taxation.

3. ———: CLASSIFICATION OF PROPERTY: MORTGAGES.  The act makes a new legislative classification of property and permits the separate taxation of the mortgage interest apart from the equity of redemption held by the owner of the real estate.

4. ——: Exemptions: Charitable Association. A fraternal beneficiary association, the Degree of Honor, is not such a charitable association that its funds are exempt from taxation by the laws of the state of Nebraska.

5. ——: Mutual Benefit Association. The property of mutual benefit associations organized under the laws of this state is taxable the same as the property of individuals, corporations, and other domestic associations. *Royal Highlanders v. State*, 77 Neb. 18.

6. ——: ——: Mortgages. As the mortgage tax law has made mortgages an interest in real estate to be separately assessed and separately taxed when the mortgage is recorded, it is immaterial whether the money secured by the mortgage loan is from the mortuary fund or from the general fund.

7. ——: ——: ——. Where a beneficiary association, in this case the Degree of Honor, takes advantage of the recording act for the purpose of protecting its interest and procures its mortgage to be recorded, it ceases to be personal property to the extent that it is a part of a fund, and it becomes an interest in real estate taxable in the county where the real estate mortgaged is situate.

8. ——: Equity of Redemption. In such case the owner of real estate, being liable to pay the tax levied upon his equity, cannot complain so long as no greater burden is laid upon him than the payment of taxes on the excess of the value of the real estate above the mortgage interest.

Appeal from the district court for Sarpy county: James T. Begley, Judge. *Affirmed.*

*Stewart & Stewart* and *A. E. Langdon,* for appellants.

*E. S. Nickerson, contra.*

Hamer, J.

A real estate mortgage for $6,000 made by John H. Langdon and his wife to Grand Lodge, Degree of Honor, of Ancient Order of United Workmen of the state of Nebraska, was assessed by the taxing authorities of Sarpy county, Nebraska, as an interest in the real estate therein described, and under the provisions of the mortgage tax law enacted in 1911 (Laws 1911, ch. 105), and they also assessed the remaining equity in the land to John H. Langdon, the owner. The board of equalization refused to

strike the tax assessed against this mortgage from the record, and the matter was taken upon the petitions of the appellant and of the intervener, John H. Langdon, to the district court for Sarpy county. Demurrers were filed to said petitions by the said appellants, the said Degree of Honor and said John H. Langdon, upon the ground that the said petitions did not state a cause of action or entitle the petitioners to the relief prayed for. These demurrers were sustained, and the petitioners appealed from the order sustaining them.

The questions presented are: (1) Should the Degree of Honor be relieved from the payment of taxes on the mortgage? (2) If the court should find that the Degree of Honor was entitled to offset outstanding indebtedness upon beneficiary certificates against this mortgage, should Langdon pay taxes on the entire assessed value of the land, or only upon his equity?

Part of section 6350, Rev. St. 1913, reads: "A mortgage on real estate in this state is hereby declared to be an interest in real estate for the purposes of assessment and taxation. The amount and value of any mortgage upon real estate in this state shall be assessed and taxed to the mortgagee or his assigns, and the taxes levied thereon shall be a lien on the mortgage interest; and the excess in value of the real estate above the mortgage or mortgages thereon shall be assessed and taxed to the mortgagor or owner of the premises and be a lien on the owner's interest. The mortgagee or his assigns may pay the tax levied on the interest of the owner and have a lien thereon secured by the mortgage to the extent of the amount so paid with lawful interest thereon. The mortgagor or owner may pay the tax levied on the mortgage interest, and the amount so paid shall be claimed and held to be a payment on the indebtedness secured by the mortgage, and it may offset against any interest due thereon."

Sections 6349–6353, Rev. St. 1913, relate to the taxation of land and the taxation of the mortgage interest therein.

It is contended by the appellee that a mortgage on real estate in this state, when placed of record, is an interest in real estate for the purposes of assessment and taxation.

It is provided in section 6351 above referred to: "The assessor shall, at the time the property is assessed, assess the mortgage interest and the value of the real property above the mortgage interest separately." This is a new classification of property. It permits the separate taxation of the mortgage and the separate taxation of the equity of the owner of the real estate.

That part of section 6350, not heretofore quoted, reads: "In case of nonpayment of any tax levied upon the interest of the owner or mortgagee or assigns, the land upon which the tax is unpaid shall be sold at the time and in the manner provided by law for the sale of real estate for delinquent taxes; and the holder of either the interest of the mortgagor or mortgagee may redeem from such sale the interest sold; and the amount paid in redemption shall be treated and cause the same rights to accrue in favor of the party making the payment as if payment had been made before sale."

In *State v. Fleming,* 70 Neb. 523, 539, it is said: "All property in this state is, by the Constitution, required to be taxed by valuation so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property and franchise. It must be conceded that property, whether belonging to the citizen or nonresident, must be equitably valued for taxation. When dealing with the taxation of property the legislature cannot discriminate in favor of the resident against a nonresident. Each is to be treated alike, and each is to pay a tax in proportion to the value of his property." In the same case (p. 523), it is said that the question to be decided is not whether particular provisions of chapter 73, Laws 1903, are valid, but whether the act considered as a whole is a constitutional expression of the legislative will.

In *Royal Highlanders v. State,* 77 Neb. 18, it was said: "It is further urged that it was the intention of the legis-

lature in passing the present law to completely exempt fraternal beneficiary associations from taxation.   *   *   * It seems to us, however, that excepting such associations from those special provisions constitutes no evidence of an intention not to tax them, but, on the other hand, it shows an intention to tax them the same as all persons, corporations and other domestic associations.  If the legislature had intended to exempt them from taxation, it certainly would have expressed such intention and thus put the question beyond all doubt.  So we are of the opinion that the property of mutual benefit associations organized under the laws of this state is taxable the same as the property of individuals, corporations and other domestic associations."

In *Lancaster County v. McDonald*, 73 Neb. 453, 458, it is said: "The administration of the laws governing taxation has developed the difficulties, if not the impracticability, of permitting the subtraction of debts and liabilities of the owner of real estate and tangible personal property from its value for taxation.   *   *   *   The conclusion is that the legislature intended that moneys loaned or invested shall be taxed without deductions on account of indebtedness, and the 'credits' that are to be taxed are the true credits."

If a mortgage is to be assessed as an interest in real estate, it is impracticable to consider it a part of a mortuary fund or of any other fund where there is a right of set-off.  If it is to be taxed as an interest in real estate, then its classification is changed.  It is not real estate, but undoubtedly the legislature has the authority to so characterize it, and when it has done so it is no part of any fund, and its character is determined by the limitations of the statute.  The interest in the real estate belonging to the owner thereof is taxable in the county in which the real estate is situate, and as soon as the mortgage becomes an interest in real estate by virtue of the statute it is taxed in the same county.  Under section 6350, above quoted, the land upon which the tax is unpaid shall be sold at the time and in

the manner provided by law for the sale of real estate for delinquent taxes, and the holder of the interest of the mortgagor or mortgagee may redeem from such sale the interest sold. This is a change of the law as it existed prior to July 1, 1911, and section 6353, Rev. St. 1913, provides that all mortgages on real estate recorded prior to July 1, 1911, shall be taxable as provided by law under that provision of law relating thereto prior to July 1, 1911. It is clear from the language of the act that it was the intention of the legislature that a mortgage should be assessed as "an interest in real estate."

It does not appear to be material whether the Degree of Honor is indebted on beneficiary certificates beyond the amount of its fidelity fund. If it insists on putting its property out at interest so that it may earn money, it must comply with the provisions of the law concerning the assessment and payment of taxes. If it owns a mortgage it must pay tax upon the mortgage as any other owner would be expected to do.

In *Critchfield v. Nance County,* 77 Neb. 807, it was said that money loaned and invested discriminated that kind of property from "credit."

In *Lancaster County v. McDonald, supra,* it was said in the third paragraph of the syllabus: "The word 'credits' as used in section 28, art. I, ch. 77, Comp. St. 1903, means *net credits.*" In the fourth paragraph it was said: "The statute distinguishes between items of property to be scheduled for taxation. The other items named in the schedule are not to be considered as credits so as to allow indebtedness to be deducted therefrom. Notes and mortgages which represent moneys loaned or invested are not subject to such deduction." In that case it was held that section 28, art. I, ch. 77, Comp. St. 1903, concerning the specific listing of all moneys loaned and invested, must be complied with, although the taxpayer might be indebted beyond the amounts of such loans and investments. It is immaterial whether the Degree of Honor is indebted on beneficiary certificates beyond its fidelity fund, for it can offset one

against that class of property that truly may be termed included in credits. That is not property loaned out and earning money as an investment, and by the statute changing the classification is forbidden.

In the case of the *First Trust Co. v. Lancaster County,* 93 Neb. 792, this court upheld the act of 1911 providing that mortgages on real estate in this state should be considered as an interest in land for the purposes of taxation, and held that a mortgage is an interest in real estate and "such mortgages are assessed separately from the capital stock of the company, whether the tax is paid by the mortgagor or by the mortgagee."

The mortgage tax law of 1911 requires the assessor of the county where the land lies to assess the mortgage. "The assessor shall at the time the property (real estate) is assessed assess the mortgage interest and the value of the real property above the mortgage interest separately." Rev. St. 1913, sec. 6351.

The legislature had power under the Constitution to provide for taxing this class of property as it is done. Section 1, art. IX of the Constitution, says in part: "The legislature shall provide such revenue as may be needed by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, the value to be ascertained in such manner as the legislature shall direct."

Section 6313, Rev. St. 1913, provides: "Personal property shall be listed in the manner following: Every person * * * shall list all his moneys, credits, bonds, or stocks, shares of joint stock or other companies, * * * moneys loaned or invested, annuities, franchises, royalties and all other personal property."

A mortgage on land may be held to partake of the character of realty. It is clearly within the authority of the legislature to provide that the mortgage shall be taxed in the county where the land lies and without regard to the residence of the mortgagee. This was clearly done by the passage of the act of 1911. The situs of the personal prop-

erty belonging to the Degree of Honor is in the county where the company has its head office; but, as the legislature is given authority to pass the act which it did, the law now provides that the "interest in real estate" held by the Degree of Honor is in Sarpy county where it is to be listed. The law provides that it is the recording of the evidence with the register of deeds or the county clerk that works the change in the nature of the mortgage from personal property to "an interest in real estate." The Degree of Honor recorded their mortgage. They did that which under the law must change the character of the mortgage from personal property to an interest in real estate. It will not do to have one sort of construction of this law for private individuals and corporations, and another contruction for the beneficial society.

It does not appear that cross-appellant Langdon has any right to complain of anything. He has not been hurt in any way. He owns the equity. He could hardly expect to avoid payment of taxes on his interest in the equity.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.