## No. 9072.

### MURRAY *v*. COUNTY COMMISSIONERS OF WASHINGTON COUNTY.

1. COUNTIES—*County Commissioners—Authority.* The County commissioners have no power to assess property not appearing in the schedule of the taxpayer.

2. TAXATION—*Properties not Returned by Taxpayer,* are to be assessed by the assessor or treasurer. The county commissioners have no authority in the premises. (Rev. Stat., secs. 5573, 5670, 5700.)

3 TAXABLE PROPERTIES—*Bank Deposits,* are a debt due to the depositors, and to be assessed, if at all, to them. So long as the money deposited remains in bank it is taxable to the banker. If lent or converted by him it is taxed to him in the new form; so of "capital, surplus and undivided profts" as shown on the books of the Bank.*

4. *Double* t*axation.* It is unlawful for the taxing officers to assess the same property twice. Whether the legislature may so provide, not decided.

5. CONSTITUTIONAL QUESTIONS—*Not Answered,* when not necessary to the determination of the cause, and then only by a full bench.

*Error to the Washington County District Court, Hon. H. P. Burke, Judge.*

Mr. A. J. BRYANT, for plaintiff in error.

Mr. ISAAC PELTON, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

THE plaintiff in error brought suit against the Board of County Commissioners of Washington County to recover certain taxes, paid under protest. He was doing a banking business under the name and style of Bank of Akron.

There were six causes of action. The defendant demurred separately to the first four and collectively to all. All the demurrers were sustained and plaintiff brings error.

Each cause of action was to recover taxes illegally assessed for one year, the first for the year 1910 and the sixth for 1915.

The alleged illegality consisted in:

1. That the Board of County Commissioners, sitting as a board of equalization, had unlawfully assumed the power to assess property which did not appear on the schedule returned by plaintiff. The claim was that such assessment was beyond the duties and powers of the board, because *inter alia* that duty had been delegated by statute to the assessor and treasurer.

2. That the board had assumed to assess property that was lawfully assessable to others, to-wit: notes secured by

mortgage, which, plaintiff claimed, were assessable only in connection with, and as one with, the mortgaged property under R. S. 1908, sec. 5542. The defendant claims that that section, on this point, is unconstitutional.

3. That the board has assessed as the property of plaintiff property that does not exist, and debts that he owes, *e. g.,* capital, deposits, surplus, undivided profits.

As to the first point, we think the plaintiff in error is right. R. S. 1908, secs. 5573, 5670 and 5700. It is the duty of the assessor to add to the assessment roll any assessable property omitted therefrom, and he may be compelled by mandamus to do so. (*Aggers v. People,* 20 Colo. 348, 38 Pac. 386).

The statute having confided this function to him, the Board of County Commissioners can not perform it. *Chase v. Boulder County,* 37 Colo. 268, 280, 86 Pac. 1011, 11 Ann. Cas. 483.

We do not decide the second point, because it is a constitutional question which would require the full bench, and it is not necessary to determine the case. *Gale v. Statler,* 47 Colo. 72, 105 Pac. 858.

Upon the third point it seems clear, according to some of the causes of action at least, that assessments were wrongly made. An assessment is stated to have been made of deposits as such. A bank, like any taxpayer, is taxable upon all its property as defined in R. S. 1908, § 5540, but a deposit is a debt due from the bank to its depositor, a credit belonging to the depositor and assessable to him, if at all, so when we tax the bank on its deposits we are taxing a liability and not an asset, debt and not property.

If the deposit is made in money, it becomes the property of the bank, and, so long as it remains in its hands in that form, is assessable; but in the ordinary course of banking it is immediately transmuted into other forms, usually some kind of bankable paper, and is taxable in those forms as rights or credits.

The plaintiff in error seems also to have been taxed on

its "capital," in addition to its property. Capital exists for assessment only in the property of the bank; i. e., its money, tangible property, rights and credits. The same is true of deposits, surplus and undivided profits, as they appear on the books of the bank. They have no existence except in the property of the bank as defined in the statute, R. S. 1908, 5540.

If therefore we tax tangible property, money, rights and credits and then proceed to tax capital, deposits, surplus and undivided profits, we are taxing the same property twice, because the last four have no existence except in the form of the first four. It is unlawful for the taxing officers to tax property twice; whether the legislature may so provide is a question not before us.

For these reasons the judgment should be reversed and the cause remanded.

Mr. Chief Justice Garrigues and Mr. Justice Scott concur.