No. 10,055.

BOARD OF COMMISSIONERS OF WASHINGTON COUNTY *v.* MURRAY.

Decided July 3, 1922.

Action to recover taxes paid under protest. Judgment for plaintiff.

*Affirmed.*

1. CONSTITUTIONAL LAW—*Taxation—Real Estate Mortgages.* Section 5542, R. S. 1908, concerning assessment of real estate mortgages, is not unconstitutional as exempting property from taxation. Taxing real estate and a mortgage on the property, separately, constitutes a double taxation, and the statute providing they shall be assessed as a unit, and that the notes and mortgage shall not

be otherwise returned or assessed, does not exempt the mortgage from taxation.

2.   BANKS AND BANKING—*Assessment and Taxation.* A bank should be taxed on its taxable assets with such deductions as the law allows.

*Error to the District Court of Washington County, Hon. L. C. Stephenson, Judge.*

Mr. ISAAC PELTON, for plaintiff in error.

Mr. A. J. BRYANT, Mr. J. M. TAYLOR, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MURRAY is engaged in banking under the name of the Bank of Akron. The bank is not a corporation and is owned by Murray alone. He brought suit to recover taxes paid under protest for the years 1917, 1918 and recovered the sum of $3,076.29. The county brings error.

He returned his tax schedule and the assessor under the statute added thereto for each year the amount of mortgage loans held by the bank. In the year 1918 that amount was $23,000. The court held that these loans were not taxable; hence the judgment for the plaintiff.

The Colorado Constitution provides: (article 10, section 3) "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal; Provided, * * *." Here follow certain exemptions not including mortgages or mortgage debts.

Article 10, section 6: "All laws exempting from taxation, property other than that hereinbefore mentioned shall be void."

The statute concerning assessment of mortgages is as follows:

"* * * Provided, that where any property within this state is mortgaged, conveyed or pledged for the security of a loan or debt then owing, the said property and the notes, mortgage, deed of trust, trust deed, contract or other conveyance, shall be assessed as a unit, and as one and the same, and as of one value and as the value of said property so mortgaged, pledged or otherwise conveyed only, and any such notes, mortgages, deeds of trust, trust deeds, contracts or conveyance, shall not be otherwise returned or assessed." R. S. 1908, Sec. 5542.

It is claimed by the plaintiff in error that this statute amounts to an exemption of mortgages from taxation and is therefore in violation of said § 6. He says mortgages are property and that under article 10 section 3, all property must be taxed, and he calls atttention to the statute, § 5543, R. S. 1908, "All property not expressly exempt by law shall be subject to taxation," and to the fact that the statutes make money, notes and credits taxable and that a mortgage is neither more nor less than a secured note or credit.

If all this is true of course the act is unconstitutional, whether it exempts directly or indirectly. *Judge v. Spencer*, 15 Utah, 242, 48 Pac. 1097; *Huntington v. Worthen*, 120 U. S. 97, 7 Sup. Ct. 469, 30 L. Ed. 588. Does it exempt the mortgage from taxation? If the direct taxation of the mortgage would be double taxation, an act the effect of which would be to relieve it from such direct taxation would not be a "law exempting" it, because it would still be taxed though not doubly. That such tax is, in a sense, double, is obvious, and it has been so held and stated in some cases. See *People v. Worthington*, 21 Ill. 171, 177, 74 Am. Dec. 86, where, admitting that such tax is double, the court holds it constitutional. It is obviously double, because without creating any more actual property the combined taxation of the property of the two persons, mortgagor and mortgagee, is greater by the amount of the mortgage loan than it was before that loan was made. *State v. Smith*, 158 Ind. 543, 63 N. E. 25; same on rehearing, 158 Ind. 575, 64 N. E. 18, 63 L. R. A. 116. The same

parties, therefore, are made to pay more tax on the same property merely because a part of it has changed from one to the other with an obligation to return it. See *People v. Hibernia S. & L. Society,* 51 Cal. 243, 21 Am. Rep. 704.

Further, the legislature has power to classify the Mortgage as real estate. *Grand Lodge v. Sarpy County,* 99 Neb. 647, 157 N. W. 344; *Savings Society v. Multnomah County,* 169 U. S. 421, 424-425, 18 Sup. Ct. 392, 42 L. Ed. 803. And, they having so classified it, and having provided for its taxation as real estate, how can we say that they meant to exempt it and then proceed to hold their action unconstitutional? There is really more ground for saying that the land is exempted *pro tanto,* to the amount of the mortgage; but such argument is answered by what we have said above of double taxation. It is a deduction rather than an exemption, (Cooley Taxation, 174; *State v. Smith, supra*) and wholly in favor of the borrower because he must, as shown below, in the last analysis, always pay the tax. These considerations force us to the conclusion that the statute does not exempt the mortgage from taxation.

To look at the matter somewhat further: The decisions are greatly at variance. The supreme court of Illinois in the above case held that the taxation of a mortgage was constitutional because the legislature had power to tax doubly. The supreme court of Utah held that such an act was constitutional because it was not double taxation and that it was not double because the mortgage was property distinct from the land. *Judge v. Spencer, supra.* But Nebraska held that an act was valid which provided that the mortgage should be assessed to the mortgagee as real estate, and deducted from the value of the land, which should be assessed to the mortgagor, (*Grand Lodge v. Sarpy County, supra*) thus, of course, as effectually exempting the mortgage or a part of the land as does our statute. In this last mentioned case the court held that the legislature had unquestioned power to classify a mortgage as real estate even though, since it could no longer be called a credit, the owner was thereby deprived of the right to de-

duct his debts from the assessed valuation thereof, and that he must pay taxes thereon even though he owed debts equal to or exceeding its amount. So in Massachusetts some mortgages are by statute classed as real estate and some as personal property. So we may say that our legislature has classified the mortgage as real estate, as has Nebraska, but has provided that it be assessed to the mortgagor instead of the mortgagee, which is not a substantial difference, because, since the lender cannot be compelled to lend and will lend only at the market rate, he will, directly or indirectly, compel the borrower to pay the tax on the mortgage.

The legislature is required by the constitution, above quoted, to "prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal." It is not for us to question the wisdom of the legislature, but, if we could, is it not just to relieve the mortgagor of the burden of the tax on both land and mortgage debt? Is it not more just than to make him pay it? The answer must be yes. Then can we say that the legislature, commanded by the constitution to secure a just valuation of all property for taxation, cannot constitutionally do this just thing? The Indiana constitution in this respect, is much like ours. *State v. Smith, supra.*

We gather from the record and briefs that our opinion in *Murray v. Washington County,* 67 Colo. 14, 185 Pac. 262, has not been fully understood. A bank, like other persons, should be taxed on its taxable assets, not its liabilities, with such deductions as the law allows. See the ordinary statement of the condition of any bank; *Planters' Bank v. Union Bank,* 16 Wallace, 484, 21 L. Ed. 473; Morse on Banks & Banking, 3rd Ed., § 289; *State v. Carson City Savings Bank,* 17 Nev. 146, 30 Pac. 703. See also *Loan Association v. Keith,* 153 Ill. 609, 622, 623, 39 N. E. 1072, 28 L. R. A. 65, and *Farmers Bank v. Minnesota,* 232 U. S. 516, 531, 34 Sup. Ct. 354, 58 L. Ed. 706. It is immaterial whether Murray had invested his capital or other funds in mortgages.

The following are a few of the cases on the subject

which, in addition to those cited above, in varying degrees support our conclusions:

*First Trust Co. of Lincoln v. Lancaster County,* 93 Neb. 792, 141 N. W. 1037, 1038; *Adams v. Mortgage Co.,* 82 Miss. 263, 397, 34 South. 530, 17 L. R. A. (N. S.) 138, 100 Am. St. Rep. 633; *Hawkridge v. Treasurer & Receiver General,* 223 Mass. 134, 111 N. E. 707, 708; *Worcester v. Boston,* 179 Mass. 41, 49, 60 N. E. 410; *Crawford v. Linn Co.,* 11 Or. 482, 5 Pac. 738; *Firemen's Ins. Co. v. Commonwealth,* 137 Mass. 80, 81; *Knight v. City of Boston,* 159 Mass. 551, 35 N. E. 86; *Common'Council v. Board of Assessors,* 91 Mich. 78, 92, 51 N. W. 787, 16 L. R. A. 59; *State v. Hinkel,* 139 Wis. 41, 119 N. W. 815; *Sweetser v. Manning,* 200 Mass. 378, 86 N. E. 897; *Citizens' S. & T. Co. v. School Sisters,* 151 Wis. 619, 139 N. W. 439, 440, 441; *State v. Ala. Fuel & Iron Co.,* 188 Ala. 487, 66 South. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752; *Mutual B. & L. Ins. Co. v. Martin County,* 104 Minn. 179, 116 N. W. 572; *State v. Farmers' Savings Bank,* 114 Minn. 95, 130 N. W. 445, 851; *Orr v. Sutton,* 119 Minn. 193, 137 N. W. 973, 42 L. R. A. (N. S.) 146; *Union Trust Co. v. Detroit,* 170 Mich. 692, 137 N. W. 122; *Trustees' Ins. Co. v. Hooton,* 53 Okl. 530, 157 Pac. 293, L. R. A. 1916E, 602; *Pocahontas Collieries Co. v. Com.,* 113 Va. 108, 73 S. E. 446; *People v. Ronner,* 185 N. Y. 285, 77 N. E. 1061; *People v. Gass,* 206 N. Y. 609, 100 N. E. 404; *Economy Power Co. v. Daskam,* 174 Mich. 402, 140 N. W. 466; *People v. Trust Co.,* 208 N. Y. 463, 102 N. E. 578; *State v. Runyon,* 41 N. J. Law, 98; *State v. Darcy,* 51 N. J. Law, 140, 145, 16 Atl. 160, 2 L. R. A. 350; *Goldgart v. People,* 106 Ill. 25.

Judgment affirmed.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT not participating.