THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK GASS, Appellant, Impleaded with Another.

Mortgage tax — equitable mortgage — when deed, although absolute in terms, is equitable mortgage — when register of deeds liable for amount of recording tax not collected by him.

1. A deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage. (Real Prop. Law [Cons. Laws, ch. 50], § 320; Tax Law [Cons. Laws, ch. 60], § 250.)

2. By the Mortgage Tax Law, as amended by chapter 340 of the Laws of 1907, the material provisions of which have been re-enacted in the Tax Law (L. 1909, ch. 62), a recording tax was imposed upon mortgages at a fixed rate upon the amount of principal debt secured by the instrument, or which upon any contingency may be secured thereby, which tax is payable, on the recording of the mortgage, to the recording officer of the county in which the property is situated, and the record of a mortgage, as also its discharge of record, without payment of the tax, is prohibited. It also empowered the recording officer to determine the value of the property where

the indebtedness was not determinable from the terms of the mortgage. *Held*, that when it appeared by a paper offered for record at the same time with deeds which were absolute on their face, that the deeds were to be and operate as mortgages or securities, the failure on the part of the register of the county of New York to collect a tax thereon, either at that time or upon recording deeds reconveying the property, was a violation of the condition of his bond to faithfully and diligently discharge the duties of his office relative to the taxation of mortgages.

*People* v. *Gass*, 151 App. Div. 911, affirmed.

(Submitted November 18, 1912; decided December 10, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 8, 1912, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The following question was certified:

" Does the complaint state facts sufficient to constitute a cause of action against the demurring defendant ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*Stephen J. Stilwell* for appellant. The Mortgage Tax Law is a highly penal statute, especially in its application to the register and his duties thereunder, and it is to be strictly construed against the state and in favor of those sought to be brought within any of its provisions. (*Rice* v. *United States*, 53 Fed. Rep. 910; *State* v. *Wheeler*, 23 Nev. 143; *Matter of Euston*, 113 N. Y. 174; *Matter of Fayerweather*, 143 N. Y. 114; *Matter of Harbeck*, 161 N. Y. 211; *Powers* v. *Barney*, 5 Blatchf. 202; *People* v. *Weinstock*, 193 N. Y. 481; *People* v. *Briggs*, 193 N. Y. 457; *People* v. *Friedman*, 132 App. Div. 61; *Hoboken Beef Co.* v. *Hand*, 104 App. Div. 390.) The defendant is not liable for any penalty. (L. 1909, ch. 63, §§ 250, 258, 261, 266.)

*Thomas Carmody, Attorney-General* (*Edward J. Mone* of counsel), for respondent. The deeds aforesaid, taken in

connection with the consent, and filed simultaneously therewith, constituted mortgages within the meaning of, and subject to the payment of the tax provided for by section 293 of the Tax Law. (*Mooney* v. *Byrne,* 163 N. Y. 86; *Kraemer* v. *Adelsberger,* 122 N. Y. 467; *Ensign* v. *Ensign,* 120 N. Y. 655; *Conover* v. *Palmer,* 123 App. Div. 817; Gerard on Titles, 610; *People ex rel. Newburgh Savings Bank* v. *Peck,* 157 N. Y. 51; *People ex rel. Met. St. Ry. Co.* v. *Tax Comrs.,* 174 N. Y. 417; *M. L. Ins. Co.* v. *Nicholas,* 144 App. Div. 95; *Tillinghast* v. *Merrill,* 151 N. Y. 135; *Annis* v. *McNulty,* 51 Misc. Rep. 121.) The neglect or omission. by a public officer to perform a ministerial duty renders him liable in damages to the injured party, in this case the People of the State of New York. (*Robinson* v. *Chamberlain,* 34 N. Y. 389; *Hover* v. *Barkhoof,* 44 N. Y. 113; *Clark* v. *Miller,* 54 N. Y. 528; *Bassett* v. *Fish,* 75 N. Y. 303; *Bennett* v. *Whitney,* 94 N. Y. 302; *Wright* v. *Shanahan,* 149 N. Y. 495; *Pittsburg* v. *Taber,* 61 N. H. 100; *Colerain* v. *Bell,* 9 Metc. 499; *Village of Olean* v. *King,* 116 N. Y. 355; *Fake* v. *Whipple,* 39 Barb. 339.) The defendant is presumed to know the law and will not be heard to say that he did not know that these deeds were mortgages. (*Goodspeed* v. *I. S. Ry. Co.,* 84 N. Y. 348; *People ex rel. Furman* v. *Clute,* 50 N. Y. 451; *People* v. *Ingersoll,* 58 N. Y. 1.)

WILLARD BARTLETT, J. The following are the substantial allegations of the complaint:

From January 1, 1905, to December 31, 1908, the defendant Frank Gass was the register of the county of New York. Before entering upon his official duties he gave a bond, with the defendant the Empire State Surety Company as surety, to the People of the state of New York, in the penal sum of $24,000, conditioned that he should faithfully and diligently discharge the duties of his office under the provisions of the article of the Tax Law relating to the taxation of mortgages and duly

account for and pay over all money or property received by him as such register. This bond provided that the defendants in default thereof would pay all damages, costs and expenses resulting from such default, not exceeding the sum specified therein.

On October 19, 1907, the stockholders of the Park Row Realty Company, a domestic corporation, executed a written consent to the making and delivery by said company of two warranty deeds granting and releasing certain parcels of land in the borough of Manhattan in the city of New York, known as No. 3 Park Row and Nos. 13, 15, 17, 19 and 21 Park Row and 13 Ann street, in which consent it was specifically provided that such deeds were " to be and operate, though absolute on their face, as mortgages or securities to the firms of N. M. Rothschild & Sons and de Rothschild Freres for the repayment to said firms · respectively of such moneys as they may advance to the firm of August Belmont & Co."

Subsequently, on October 23, 1907, pursuant to such consent, the Park Row Realty Company executed the two deeds therein specified, which together with the consent were duly delivered to the grantees named therein for the purpose only of securing to them the repayment of moneys to be by them advanced to August Belmont & Co. These deeds were to operate and in fact were held by the grantees as mortgages. The deeds and consent were presented at the office of the register for record and were duly recorded therein on January 17, 1908, at 3:40 o'clock P. M. No sworn statement of the maximum amount secured or which might be secured thereby was filed with the recording officer; and although proof of the facts to be used for the purpose of computing the value of the property covered by said mortgages was demanded by the defendant Frank Gass, the demand was not complied with. Nevertheless, he has determined the value of the property thereby conveyed as security to be $4,066,700.00.

When these instruments were thus recorded there

became due from the mortgagees and payable by them to the defendant Frank Gass as register of the city of New York to be applied by him as provided by law, a tax of fifty cents on each one hundred dollars of the said sum of $4,066,700.00, amounting to $20,333.50; and it was the duty of the register to require payment of this tax of the mortgagees or their representatives before or at the time the instruments were recorded. They were recorded, however, without such requirement; neither the tax nor any part thereof has ever been paid or satisfied; wherefore interest has accrued thereon at the rate of one per centum per month from the 17th day of January, 1908.

The state board of tax commissioners subsequently notified the defendant Frank Gass that the deeds were mortgages and should be treated as such, and that a mortgage tax was due thereon; whereupon he caused the record of the deeds to be indexed as mortgages and caused marginal notes to be made upon the records stating that they were mortgages. He was further notified by the same board that it was his duty as register to see that no instruments were recorded in his office reconveying the premises or discharging the mortgage lien until the mortgage tax had been paid. On the 10th day of July, 1909, however, there were presented at the office of the register for record two deeds re-conveying to the original grantors the property conveyed by the deeds first mentioned; and these deeds of re-conveyance were then recorded without requiring the payment of the mortgage tax, although the register well knew that they operated to discharge the mortgages upon which the tax had not been paid.

The grantees named in the original deeds are non-residents upon whom it is impossible to obtain personal service of process; they have no real property within this state, nor any personal property which can be reached by attachment; and they and their agents refuse to pay the mortgage tax aforesaid. By reason, therefore, of the failure of the defendant Frank Gass to perform his duties

as register of the county of New York, there has been lost to the People of the state of New York and the city of New York the amount of the said mortgage tax, with interest thereon, which amount cannot be collected from the persons primarily liable for the same. The attorney-general now sues to recover this amount in the name of the People.

To. this complaint the register has demurred on the ground that it does not state facts sufficient to constitute a cause of action against him. His demurrer has been overruled below without any opinion in either court; and he comes here now by permission of the Appellate Division.

The allegations of the complaint are to be considered in reference to the Mortgage Tax Law as it existed when the alleged cause of action arose. The material provisions were contained in article XIV of the Tax Law, as amended by chapter 340 of the Laws of 1907. These have been re-enacted without substantial change by chapter 62 of the Laws of 1909, and are now to be found in article II of the Tax Law in sections differently numbered.

The statute provides for the payment of a recording tax upon mortgages at the rate of fifty cents for each $100 of the principal debt secured by the instrument, or which, under any contingency, may be secured thereby. The tax is payable on the recording of the mortgage to the recording officer of the county in which the property or any part thereof is situated. No mortgage shall be recorded unless the tax is paid; nor shall any mortgage subject to the tax be released or discharged of record without the payment thereof. In cases where the principal indebtedness is not determinable from the terms of the mortgage, the recording officer is empowered to determine the value of the property itself and the tax is to be calculated upon that, unless the owner, when the mortgage is presented for record, files a sworn statement of

the maximum amount secured or which may be secured by the mortgage under any contingency. The moneys derived from the mortgage tax are distributed, one-half to the state and one-half to the municipality in which the mortgaged property is situated. The statute requires the execution of a bond by the recording officers, "conditioned for the faithful and diligent discharge of the duties required of them respectively by this article;" and it vests the state board of tax commissioners with general supervisory power over all recording officers in respect of the duties thereby imposed upon them. (Tax Law [Cons. Laws, ch. 60], art. II, § 263; formerly art. XIV, § 300.)

This is an action upon the bond given by the appellant pursuant to the above-mentioned requirement of the statute. The theory of the complaint is that the appellant's neglect as register to exact payment of the mortgage tax upon the two deeds mentioned constituted a breach of the condition of the bond; that breach has resulted in damage to the People in the amount of the tax; and the People, through the attorney-general, are entitled to maintain this suit to make good the loss occasioned by the failure of the register to do his duty.

The substance of the first point in behalf of the appellant is that the instruments mentioned in the complaint are not within the purview of the Mortgage Tax Law because they are neither (1) mortgages; nor (2) executory contracts for the sale of real property; nor (3) agreements increasing mortgage indebtedness. (Tax Law, § 250.) The section cited (formerly § 290) provides that the words "mortgage of real property" as used in that article of the Tax Law include every mortgage by which a lien is created over or imposed on real property or which affects the title to real property notwithstanding that it may also be a lien on personal property. The same section goes on to provide that executory contracts for the sale of real property and contracts or agreements for the increase of mortgage indebtedness shall also be deemed

mortgages for the purposes of the article.   None of these definitions tends in any wise to restrict the meaning of the word "mortgage."   They all tend rather to broaden it. For a further definition of the term, however, if any further definition be necessary, we may properly refer to the provisions of the Real Property Law which relate to the recording of the various instruments entitled to be recorded.   There we find that a deed conveying real property "which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage."   (Real Property Law [Cons. Laws, ch. 50], § 320.)   It is apparent, therefore, that the defendant was bound to consider the instruments in question to be mortgages in the discharge of his duties as the recording officer in the city of New York.

In the second place the appellant argues that the defendant is not liable for any penalty inasmuch as the article of the Tax Law relating to the taxation of mortgages does not expressly provide for any penalty in case of the neglect of the recording officer to exact payment of the mortgage tax.

It is true that no penalty is expressly provided for.   The Tax Law, however, makes it the duty of the register to collect this tax; a neglect to perform that duty is a breach of the condition of his bond; and for such a breach resulting in damages to the state an action against him will lie upon the bond.   This is such an action.

In the third point for the appellant it is argued that it does not appear that any money ever was advanced directly or indirectly to the parties mentioned in the consent of the stockholders of the Park Row Realty Company for the execution of the instruments; nor that the deeds mentioned in the complaint were the deeds intended to be referred to in the consent.   It was not necessary to allege that any money was in fact advanced upon the security of the deeds.   As has already been pointed out,

where the principal indebtedness secured by a mortgage is not determinable from the terms of the instrument the mortgage tax is based upon the value of the property covered by the mortgage to be determined by the register himself unless the owner files with him a sworn statement of the maximum amount secured by the mortgage or which may be secured thereby in any contingency. It is alleged in the complaint that no such sworn statement was furnished and that the defendant thereupon himself determined the value of the property conveyed. This sufficed to show the amount of the tax which it became his duty to collect.

The last point urged in behalf of the appellant is that the register, a layman, ought not to be held liable for an erroneous exercise of judgment in deciding that instruments which were apparently deeds were not subject to taxation as mortgages. As to this it might suffice to say that it cannot form a legal basis of a demurrer, but it may be observed in addition that the Tax Law vests the state board of tax commissioners with general supervisory power over all recording officers in respect to their duties concerning the taxation of mortgages; that the defendant was notified by the state board that the deeds were in fact mortgages upon which a mortgage tax was due and it was his duty to see that the mortgage lien was not discharged of record until the tax had been paid; and that notwithstanding this distinct notice and warning from a body of officers thus expressly vested by statute with the power of supervision over him the appellant permitted the lien to be discharged without exacting payment of the tax. Such conduct can hardly be regarded as the involuntary and unwitting mistake of a layman.

The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Order affirmed.