(159 App. Div. 819) .

PEOPLE ex rel. TITLE GUARANTEE & TRUST CO. v. RUOFF,
County Clerk.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

1. TAXATION (§ 351*)—PROPERTY SUBJECT—SUPPLEMENTAL MORTGAGE.
   A supplemental mortgage, given to perfect a previously recorded mortgage and increase the indebtedness secured, is taxable, under Tax Law (Consol. Laws 1909, c. 60) § 250, only upon the amount of such increase or addition.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 594; Dec. Dig. § 351.*]

2. TAXATION (§ 533, New, vol. 11 Key-No. Series)—COLLECTION—REFUSAL TO CANCEL MORTGAGE.
   Where a tax of a greater amount than has been collected on a mortgage is actually due thereon, the county clerk should refuse to cancel the mortgage, when a proper satisfaction piece is tendered, until the full amount of the tax is paid, though the mortgage has been recorded without collection of any tax.

3. MANDAMUS (§ 181*)—PEREMPTORY WRIT—ANSWERING AFFIDAVITS—ADMISSIONS.
   Where in mandamus issues of fact are raised by the answering affidavit, and the relator moves for a peremptory writ, he thereby concedes the truth of the statement contained in such affidavit.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. § 181.*]

4. MANDAMUS (§ 73*)—GROUNDS—RECORDING MORTGAGE RELEASE—TAXATION.
   In view of Tax Law (Consol. Laws 1909, c. 60) § 255, making the determination of the recording officer upon the question of exemption reviewable by the state board of tax commissioners, and section 260, making the county clerk liable on his official bond for failure to collect taxes due

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on a mortgage, where the state board of tax commissioners, after examination, determined that a mortgage was taxable and notified the county clerk to collect such tax, mandamus would not lie prior to payment of such tax, to compel the county clerk to record a certificate of satisfaction of the mortgage upon tender of the satisfaction piece; the writ of mandamus properly issuing only where there is clear legal right to be enforced and no other adequate or legal remedy to obtain the relief sought.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 115, 135, 144–149; Dec. Dig. § 73.*]

5. MANDAMUS (§ 151*)—PARTIES—RECORDING MORTGAGE RELEASE—TAXATION.
    A petition for mandamus directing the county clerk to record a certificate of satisfaction of a mortgage, notwithstanding the nonpayment of taxes declared by the state board of tax commissioners to be due on the mortgage, should make such board parties to the proceedings.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 291, 292; Dec. Dig. § 151.*]

Appeal from Special Term, Queens County.

Mandamus by the People, on the relation of the Title Guarantee & Trust Company, against Leonard Ruoff. From an order granting a peremptory writ of mandamus directing defendant to record a certificate of satisfaction of a mortgage, defendant appeals. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Robert P. Beyer, Deputy Atty. Gen., of New York City, for appellant.

Arthur P. Hilton, of Jamaica, for respondent.

BURR, J. [1] Much might be written in support of the contention that the mortgage for $165,000, made by the Embo Land Company to the Title Guarantee & Trust Company, which was dated on December 3, 1912, and recorded on December 5th of the same year, was given as a "supplemental mortgage" to the mortgage for the same amount given by the Hartley Realty Corporation to the said title company, which was dated July 30th and recorded upon August 2, 1912, and that it was given for the purpose of "perfecting the previously recorded mortgage," and was a "contract or agreement by which the indebtedness secured by any mortgage was increased or added to." Tax Law (Consolidated Laws, c. 60; Laws of 1909, c. 62) §§ 250, 255. If such is the fact, the mortgage was taxable only "upon the amount of such increase or addition." Id. § 250.

[2] Notwithstanding that the instrument was recorded in the first instance without the collection of any tax, if it is the case that a tax or a greater amount of tax than has been collected is actually due and payable thereon, the county clerk is justified in refusing to cancel such mortgage, notwithstanding a proper satisfaction piece is tendered to him, until the full amount of such tax is paid. Mutual Life Insurance Co. v. Nicholas, 144 App. Div. 95, 128 N. Y. Supp. 902; People v. Gass, 206 N. Y. 609, 100 N. E. 404.

[3, 4] It appears from the answering affidavit interposed by him, which for the purposes of this application must be taken to correctly

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

state the facts (People ex rel. Lindgren v. McGuire, 151 App. Div. 413, 136 N. Y. Supp. 88; Matter of Whitten, 152 App. Div. 506, 137 N. Y. Supp. 360), that, in the interval between the recording of the mortgage in question and the tender of the satisfaction piece, the state board of tax commissioners examined the mortgage made by the Hartley Realty Corporation to the Title Guarantee & Trust Company and recorded as above set forth, and under serial No. H 1329, and also the mortgage made by the Embo Land Company to the said title company and recorded under serial No. H 5308, and also the statement accompanying the latter mortgage and filed at the time when said mortgage was recorded, in which exemption from tax was claimed, and determined that the latter mortgage was taxable at its face value, and notified the county clerk to collect the amount of such tax from the said title company. It also appears that such decision was communicated to the title company, the relator in these proceedings. Under such circumstances, mandamus is not a proper remedy. Such writ issued only when there is a clear legal right to be enforced and when there is no other adequate or legal remedy to obtain the relief sought. People ex rel. Lehmaier v. Interurban Ry. Co., 177 N. Y. 296, 69 N. E. 596. It will not issue to control the determination of a board or officer vested with power to decide that property is subject to taxation and as to the assessment or application thereof. 26 Cyc. 323d, 324e. By express provision of the statute the determination of the recording officer upon the question of exemption is made reviewable by the state board of tax commissioners. Tax Law, supra, § 255. In this case, if in fact the mortgage is taxable, the county clerk may be held in an action for breach of the condition of his official bond arising from failure to collect this tax when due. Tax Law, supra, § 260; People v. Gass, supra.

[5] In the exercise of a wise discretion, this court should withhold its writ against him in a proceeding in which the state board of tax commissioners are not parties. In Matter of Mechanics' Bank, 156 App. Div. 343, 141 N. Y. Supp. 473, affirmed 209 N. Y. 20, 102 N. E. 1106, memoranda, the state board did intervene in the proceedings. Although its right to do so may not be free from doubt, the point was not raised either in this court or in the Court of Appeals, and it must be considered that the decision then made is binding upon it as well as the register of the county, the other party thereto. In the case now under consideration, no such effect could be claimed for any order that might be made herein.

The order granting the peremptory writ of mandamus should be reversed, with $10 costs and disbursements, and the motion for a peremptory writ denied, with $50 costs. All concur.