(88 Misc. Rep. 254)

### PEOPLE v. PARK ROW REALTY CO. et al.

(Supreme Court, Special Term, Albany County. December, 1914.)

1. CONSTITUTIONAL LAW (§ 197*)—EX POST FACTO LAW—TAXATION.

Tax Law (Consol. Laws, c. 60) §§ 265, 266, which provides new remedies for the collection of taxes, is not violative of the provision of the federal Constitution which prohibits any state from passing an ex post facto law, though such remedies are made applicable to taxes already delinquent; there being no increase thereby in the obligations, since the interest therein provided for is but an ordinary incident to the nonpayment of obligations, and is not a penalty.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 550; Dec. Dig. § 197.*]

2. PLEADING (§ 216*)—DEMURRER—SUPPORTING FACTS—MORTGAGE TAX.

In an action brought pursuant to Tax Law, §§ 265, 266, to enforce the payment of a mortgage tax, a claim that the lien of the mortgage had been discharged, and that there had been an election of remedies through the state's suing the register of the county for the amount of the taxes, was not available on a demurrer to the complaint, where such facts did not appear on the face of the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec. Dig. § 216.*]

3. COURTS (§ 148*) — SUPREME COURT — JURISDICTION — ACTION UNDER TAX LAW.

The Supreme Court has jurisdiction of an action brought pursuant to Tax Law, §§ 265, 266, to enforce payment of the mortgage tax, which by such statute is made a lien on the mortgage.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 375, 377, 380, 381, 398; Dec. Dig. § 148.*]

Action by the People of the State of New York against the Park Row Realty Company and others. On demurrer to complaint. Overruled.

James A. Parsons, Atty. Gen. (Frederic G. Dunham, of Albany, of counsel), for the People.

Charles Stewart Davison, of New York City (Edward E. McCall, of New York City, of counsel), for defendant Park Row Realty Co.

CHESTER, J. The action is brought pursuant to the provisions of sections 265 and 266 of the Tax Law (added thereto by Laws 1909, c. 412) to enforce the payment of a mortgage tax. The defendant Park Row Realty Company has demurred to the complaint, on the grounds that the court has not jurisdiction of the subject of the action

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that the complaint does not state facts sufficient to constitute a cause of action.

It appears by the complaint that on October 23, 1907, two instruments purporting to be deeds conveying to the defendants Rothschild certain premises in New York were executed by the defendant Park Row Realty Company. Prior to their execution a certificate was executed by all of the stockholders of such company consenting to its executing and delivering the two instruments mentioned. This certificate recited that the deeds therein referred to were—

"to be and operate, though absolute upon their face, as mortgages or security to the firm of N. M. Rothschild & Sons and de Rothschild Freres (comprising the defendants Rothschild) for the repayment to said firms respectively of such moneys as they may advance to the firm of August Belmont & Co. in accepting and paying checks, drafts, and bills of exchange drawn upon them respectively by said August Belmont & Co."

These instruments were recorded in the office of the register of New York county on January 17, 1908. It is alleged that he recorded them through inadvertence, mistake, or fraud. It is further alleged that at the time said mortgages were presented for record no sworn statement of the maximum amount secured, or which under any contingency might be secured thereby, was filed with the recording officer as provided by law (Laws 1907, c. 340, § 293c); that the said register, the recording officer, demanded of the person who presented said mortgages for record proof of the facts necessary to enable him to compute the value of the property covered by the mortgages, but that such demand was not complied with; and that in default of compliance therewith he determined the value of the property to be $4,066,700, upon which a mortgage tax at the rate of one-half of 1 per cent., amounting to the sum of $20,333.50 was assessed, no part of which has been paid.

It is further alleged that the state board of tax commissioners duly notified the Attorney General of the failure of the mortgagees to pay the tax, and that thereupon it became his duty to institute this action. The relief asked is that the instruments referred to be decreed to be mortgages, and be declared to be subject to the tax imposed by law upon mortgages, and that the said mortgages be decreed to be sold, and the plaintiff be paid the lien due thereon on account of the said tax, with interest, costs, and expenses.

[1] It is urged in support of the demurrer that, because sections 265 and 266 of the Tax Law were added to such law subsequently to the date of the recording of the instruments in question, the provisions thereof cannot be taken advantage of in aid of the enforcement of the tax, because these provisions are in the nature of ex post facto laws imposing a penalty, and therefore unconstitutional. It is plain that the Legislature intended these provisions to have a retroactive effect, because in section 266 it is provided that in any action where a recovery is had there shall be added to the amount of the tax and included in the judgment, interest at the rate of 1 per centum per month or the amount of the tax, to be computed from the date on which such tax became due and payable, except—

"that in the case of taxable mortgages heretofore recorded and upon which the tax imposed by this article has not been paid, and where in such case no penalty is prescribed by law for the nonpayment of such tax, interest shall be added at the rate of six per centum per annum."

If the tax was lawfully assessed and remained unpaid, it was a past-due obligation upon which interest would run at the lawful rate, and it seems clear to me that the imposition of that rate by that section upon the unpaid tax of a prior recorded mortgage is not the imposition of any penalty, because that obligation arose under the pre-existing law, by reason of the nonpayment of the tax, and did not arise under the new law. In other words, there was no increase in the obligation and therefore no penalty.

In League v. Texas, 184 U. S. 156, 22 Sup. Ct. 475, 46 L. Ed. 478, it was held that the state may adopt new remedies for the collection of taxes, and apply those remedies to taxes already delinquent, without any violation of the federal Constitution, which prohibits any state from passing any ex post facto law. In the same case it was also held that, where the state legislates that taxes which have become delinquent shall bear interest from the time such delinquency commenced, such legislation is not unconstitutional, and is not the exacting of a penalty, for the reason that interest is the ordinary incident of the nonpayment of obligations.

[2] The claim is further made that the mortgages in question are not taxable, but it seems needless to discuss that proposition, for it appears that the Court of Appeals has decided with respect to these very mortgages that they are subject to the mortgage tax. People v. Gass, 206 N. Y. 609, 100 N. E. 404. It is also urged that the lien of these mortgages has been discharged, and that there has been an election of remedies because of the fact that the state has already brought an action against the register to recover the amount of these taxes, as appears by the case of People v. Gass, supra, but none of these matters appear upon the face of the complaint.

While we may look at the case of People v. Gass to gather therefrom the principles of law decided, we may not look to it in search of facts not appearing upon the face of this complaint, which might be deemed to be available by way of defense. Such facts must be set up in an answer, and are not now before the court. The facts alleged in the complaint seem to bring the action within the new remedy for the collection of a mortgage tax provided by the statute referred to.

[3] The subject of the action being a mortgage tax, which under the law is made a lien upon the mortgages in question, is one over which the court has jurisdiction. The demurrer should be overruled, with costs, with leave to the defendants to answer on the payment of such costs.

Demurrer overruled, with costs.