Matter of the ESTATE OF HENRY RUTHERFORD, Deceased.

(Surrogate's Court, New York County, June, 1918.)

Appeal — to Court of Appeals — by special guardian — infants — costs.

> Where the Court of Appeals affirms an order of the Appellate Division entered upon its decision that the word " children " as used in the will of the testator did not include " grandchildren," the special guardian who took the appeal will be awarded $500 as compensation, payable out of the estate, though under the decision upon the final appeal the infants represented by him are not entitled to any part of the estate.

SETTLEMENT of an order on remittitur from the Court of Appeals.

Charles Fox, for William Rutherford et al.

Sidney Harris, special guardian of Phyliss C. Rutherford.

FOWLER, S.   Upon the settlement of an order on remittitur from the Court of Appeals a question arises as to the power of this court to award the special guardian for infant appellants compensation out of the estate.

The special guardian for the infants appealed from an order of the Appellate Division entered on a decision of that court to the effect that the word " children " as used in the eighth paragraph of the will of testator did not include grandchildren.   The Court of Appeals affirmed the order of the Appellate Division, and therefore the infants represented by the special guardian are not entitled to any part of the estate.

The special guardian contends that under section 2748 of the Code the surrogate has the power to award compensation to a special guardian and to make such

compensation payable out of the estate. I had occasion to consider the effect of this section in *Matter of O'Day,* 88 Misc. Rep. 408, and the conclusion at which I then arrived seems to meet with the approval of the Appellate Division in this department.    In *Matter of Thaw,* 182 App. Div. 368, Mr. Justice Scott, in writing the opinion of the court, said: '' In our opinion this section should be so construed as to limit allowances to special guardians payable out of the estate, either in whole or in part, to cases in which the services of the guardian are shown to be of value not only to the immediate ward or wards, but also to the owners of the estate or fund out of whose pockets the allowance is to be taken.'' While the precise question involved in the matter under consideration was not before the court in *Matter of Thaw, supra,* the language quoted is interesting and worthy of serious consideration in any discussion of the question.

The decision of the Court of Appeals in *Matter of Cunningham,* 206 N. Y. 609, is not controlling, because in that case the infant was entitled to participate in the estate.

In deference, however, to certain advance statements in writing made by a judge of the Court of Appeals and submitted to me, indicating that our highest court has no doubt of the power of the surrogate to award compensation to a special guardian out of the estate, notwithstanding that the infant whom he represents is not entitled to participate in the estate, I will, although not yet convinced, so far deviate from my own prior opinion as to allow the special guardian in this particular matter $500 as his compensation, and I will direct that it be paid out of the estate.    If I am in error in so doing, it can be corrected on appeal.

In *Matter of O'Day* I had in mind the modern tendency to encroach in one way or another on the

estates of the dead.    The tendency is gradually leading where as an economic and legal proposition I am unwilling to follow, unless imperative.    Costs taxed and order on remittitur signed.

Decreed accordingly.