STATE, by O. S. HAUK, REVENUE AGENT, *v.* AMERICAN TRUST Co. *et al.*

*(Knoxville.* September Term, 1918.)

**TAXATION.** Mortgage tax. Exemption from ad valorem tax. Constitutionality.

Acts of 1917, chapter 70, imposing tax on mortgages and deeds of trust to be levied "in lieu of all other taxes," *held* unconstitutional, as exempting registered mortgages and deeds of trust from *ad valorem* taxation in violation of Constitution, article 2, section 28.

Act cited and construed:  Acts 1917, ch. 70:

Cases cited and approved:  Union Trust Co. v. Detroit, 170 Mich., 692; Mutual Benefit Life Ins. Co. v. Martin County, 104 Minn., 179; People v. Gass, 206 N. Y., 609; Pocahontas Consolidated Collieries v. Commonweath, 113 Va., 108; State v. Alabama Fuel & Iron Co., 188 Ala., 487;  Wheeler v. Weightman, 96 Kan., 50; Keith v. Funding Board, 127 Tenn., 441; State v. Alston, 94 Tenn., 674; Railroad v. Harris, 99 Tenn., 684; Bank v. Memphis, 101 Tenn., 154; Carroll v. Alsup, 107 Tenn., 257.

Case cited and distinguished:  Telegraph Co. v. State & County, 68 Tenn., 509.

Constitutions cited and construed:  § 168 (1902); § 28, art. 2 (Tenn.).

FROM GREENE.

Appeal from the Chancery Court of Greene County.— HON. HAL. H. HAYNES, Chancellor.

ROY A. JOHNSTON, for appellant.

COX & TAYLOR and SUSONG & BIDDLE, for appellees.

Mr. Justice Green delivered the opinion of the Court.

The bill in this cause was filed by the State, through one of its revenue agents, to collect from the defendant what is known as the "mortgage registry" tax imposed by chapter 70 of the Acts of 1917. The chancellor held this section of the statute invalid, and the State has appealed.

The section is as follows:

"*Tax on Mortgages, etc.* That prior to the recording by the registers of the several counties of the State of any mortgage, or deed of trust, . . . executed as a pledge, mortgage, or conveyance in trust of any real or personal property situated in the State of Tennessee, or any interest in any real or personal property situated in the said State, to secure the payment of any indebtedness, there shall be levied and paid, in lieu of all other taxes, a State tax of 15c on each $100 or portion thereof, of the amount of the indebtedness so secured, which tax shall be collected by the clerk of the county court of the county in which said property is located, and the county registers of the several counties of the State are hereby required not to record any such instrument until the clerk of the county court of the county in which said instrument is offered for record certifies on said instrument that said tax has been paid. The tax herein prescribed shall be paid by the holder or owner of the indebtedness secured by the instrument offered for record; provided that this tax shall not apply to loans under $1,000."

We regret that we are unable to agree with the legislative department as to the constitutionalty of this enactment.

After a full consideration, we are forced to the conclusion that the result attained by the chancellor was inevitable.

In view of the difficulty in reaching mortgages or the owners thereof for the assessment of such property, several of the States have passed statutes similiar to the above, and in a number of the States, these statutes have been upheld.

Such acts have been sustained in Michigan, *Union Trust Co.* v. *Detroit,* 170 Mich., 692, 137 N. W., 122; in Minnesota, *Mutual Benefit Life Ins. Co.* v. *Martin County,* 104 Minn., 179, 116 N. W., 572; in New York, *People* v. *Gass,* 206 N. Y., 609; 100 N. E., 404; in Virginia, *Pocahontas Consolidated Collieries* v. *Commonwealth,* 113 Va., 108, 73 S. E., 446; in Alabama, *State* v. *Alabama Fuel & Iron Co.,* 188 Ala., 487, 66 So. 169, L. R. A., 1915A, 185, Ann. Cas., 1916E, 752.

In Kansas, a similar statute has been held invalid in view of a constitutional provision requiring a uniform and equal rate of assessment and taxation. *Wheeler* v. *Weightman,* 96 Kan., 50, 149 Pac., 977, L. R. A., 1916A, 846.

In Michigan, Minnesota, and doubtless in New York, this tax is sustained as a property tax. It is conceded by the attorneys for the State herein that the tax cannot be sustained as a property tax in Tennessee.

In Alabama and Virginia, the tax is sanctioned as a privilege tax, which the courts of these States are able to do by reason of constitutional provisions differing from ours.

It will be observed that the statute quoted provides that this mortgage registry tax shall be "in lieu of all

other taxes.'' It therefore exempts mortgages and deeds of trust from all other taxation. The act can have no other construction. In several sections of the act it is provided that privilege taxes imposed shall be in lieu of all other taxes except *ad valorem* taxes. In this section, however, the tax is unqualifiedly declared to be in lieu of all other taxes, and we must conclude that it was the intention to exempt registered mortgages and deeds of trust from *ad valorem* taxation. Such is the provision of similiar statutes in other States to which reference has been made, and after which this legislation is fashioned.

In Alabama, the Constitution is construed to permit the exemption of all property of a particular kind from taxation, and the validity of an exemption there is only a question of reasonable classification. *State* v. *Alabama Fuel & Iron Co.,* supra.

Likewise, the Virginia Constitution provides that ''all taxes, whether State, local, or municipal, shall be uniform upon the same class of subjects.'' Constitution 1902, section 168.

Our constitutional provision on the subject of taxation, as will be recalled, is quite different, and the legislature is without power to exempt from taxation any property except as specified in that instrument.

Section 28 of article 2 of the Constitution of Tennessee is as follows:

''*Taxation, Merchant's and Privileges.*—All property, real, personal or mixed, shall be taxed, but the legislature may except such as may be held by the State, by counties, cities or towns, and used exclusively for public or corporation purposes, and such as may be held and

used for purposes purely religious, charitable, scientific, literary or educational, and shall except one thousand dollars' worth of personal property in the hands of each taxpayer, and the direct product of the soil in the hands of the producer, and his immediate vendee. All property shall be taxed according to its value, that value to be ascertained in such manner as the legislature shall direct, so that taxes shall be equal and uniform throughout the State. No one species of property from which a tax may be collected, shall be taxed higher than any other species of property of the same value, but the legislature shall have power to tax merchants, peddlers and privileges in such manner as they may from time to time direct. The portion of a merchant's capital used in the purchase of merchandise sold by him to nonresidents and sent beyond the State, shall not be taxed at a rate higher than the *ad valorem* tax on property. The legislature shall have power to levy a tax upon incomes derived from stocks and bonds that are not taxed *ad valorem*. All male citizens of this State over the age of twenty-one years, except such persons as may be exempted by law on account of age or other infirmity, shall be liable to a poll tax of not less than fifty cents nor more than one dollar per annum. Nor shall any county or corporation levy a poll tax exceeding the amount levied by the State.''

The court has quite recently considered at length the power of the legislature with reference to the exemption of property from taxation, and the cases have been fully reviewed in *Keith* v. *Funding Board,* 127 Tenn., 441, 155 S. W., 142, Ann. Cas., 1914B, 1145. In that case it was held, over the protest of two of us, that the legislature

was without power to free the bonds of the State of Tennessee from taxation.

It has never before been suggested in this jurisdiction that the legislature by imposing a small privilege tax upon the registration of the evidence of title to such property might exempt from *ad valorem* taxation so much of our wealth as is represented by mortgages and trust deeds, privately owned.

Treating the act in question as an attempt to impose a registration privilege tax, it doubtless might have been sustained if it had not undertaken to exempt mortgages and deeds of trust from taxation. This is not a privilege, as of carrying on a business or occupation, but a privilege of exercising a right not a natural right, the right of registration. In this view, the act might be upheld as was the statute imposing a privilege tax on the right of succession or inheritance in *State* v. *Alston*, 94 Tenn., 674, 30 S. W., 750, 28 L. R. A., 178, or as was the foreign corporation transfer tax in *State ex rel.* v. *L. & N. R. Co.*, 139 Tenn., 406, 201 S. W., 738.

In neither of these instances, however, was the property inherited or the property transferred sought to be excepted by the statutes from *ad valorem* taxation.

The privilege of registering a mortgage or trust deed and the ownership of a mortgage or trust deed are two different things.

This court has formerly said:

"The privilege is one thing, the property owned by the party having the privilege another, each of which may be taxed, the one as privilege, the other as property, according to its value, as provided by the

Constitution.'' *Telegraph Co.* v. *State & County,* 9 Baxter (68 Tenn.), 509, 40 Am. Rep., 90.

The difference between the exercise of a privilege and the ownership of property is further illustrated in *Railroad* v. *Harris,* 99 Tenn., 684, 43 S. W., 115, 53 L. R. A., 921, *Bank* v. *Memphis,* 101 Tenn., 154, 46 S. W., 557, and *Carroll* v. *Alsup,* 107 Tenn., 257, 64 S. W., 193,

So, if it be conceded to have been within the power of the legislature to lay this privilege tax upon the registration of mortgages and trust deeds, still it cannot, under our Constitution, be permitted to exempt such property from *ad valorem* taxation.

The privilege and the property here are things so entirely separated that the privilege cannot be stretched to cover the property from the tax ''according to its value.''

The decree of the chancellor will be affirmed, and the bill dismissed.