*705 OPINION OF THE COURT
Makia Vazquez-Doles, J.
Procedural History
This action to foreclose on a residential property mortgage was commenced by the filing of a summons and complaint on December 31, 2015. The property is located at 1476 Route 6, Port Jervis, NY 12771, and is also known as 1476 US Highway 6, Greenville, NY 12771. Issue was joined by the service of an answer on or about January 26, 2016 and amended on February 16, 2016. The parties attended several conferences in the Foreclosure Settlement Part but were unable to negotiate a settlement. The matter was transferred to this IAS Part on or about April 1, 2016.
Plaintiff now seeks summary judgment of foreclosure, an appointment of a referee to compute, and an amendment of the caption to strike all fictitious persons as none currently occupy the home. Defendants Jae and David Samuels oppose the motion on the grounds that the mortgage tax was not paid and therefore the note and mortgage is unenforceable under Tax Law § 258. The additional defendants have failed to appear.
Analysis
Defendants argue that plaintiff’s failure to pay the mortgage recording tax on the two modifications of the original mortgage renders the note and mortgage unenforceable. Defendants cite no statute or case law to support this argument. Plaintiff replies and cites several cases which clearly hold otherwise.
Tax Law § 258 states in pertinent part that
“[n]o mortgage of real property shall be recorded by any county clerk or register, unless there shall be paid the taxes imposed by and as in this article provided. No mortgage of real property which is subject to the taxes imposed by this article shall be released, discharged of record or received in evidence in any action or proceeding, nor shall any assignment of or agreement extending any such mortgage be recorded unless the taxes imposed thereon by this article shall have been paid as provided in this article” (emphasis added).
Defendants argue that the language of the statute prevents the Bank from foreclosing on the mortgage because the recording tax has not been paid. Defendants’ argument is flawed *706 in two respects. First, the proof submitted shows that tax was paid on the original mortgage which was recorded on October 24, 2004. (See exhibit B.) Subsequent to the original recording, there were two loan modifications wherein tax was not paid. The consequences for not paying the loan modification taxes does not render the contract between the parties void, but rather justifies the County Clerk “in refusing to cancel such mortgage, notwithstanding a proper satisfaction piece is tendered to him, until the full amount of such tax is paid” (People ex rel. Title Guar. & Trust Co. v Ruoff, 159 App Div 819, 820 [2d Dept 1913] [citation omitted]). The second flaw in defendant’s argument is that this taxing statute is procedural and not substantive in its effect. (See In re Hotel Syracuse Inc., 271 BR 443, 447 [ND NY 2001].) In other words, failure to pay the mortgage tax is not a bar to a foreclosure proceeding because the bank may always pay the taxes after foreclosure to cancel the underlying note and mortgage. (See Rathe v Adirondack Concepts, 131 AD2d 81 [3d Dept 1987] [where the failure to pay mortgage tax did not render contract unenforceable].) Accordingly, defendants’ arguments are not compelling.
In determining if plaintiff has met the prima facie entitlement to judgment, the Second Department has clearly stated that a “plaintiff seeking summary judgment in a mortgage foreclosure action establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default, by proof in admissible form” (Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001 [2d Dept 2015] [citations omitted]). Here, plaintiff has produced the relevant documents and an affidavit attesting to the defendants’ default. Furthermore, defendants concede in their response that there is no issue regarding standing. Accordingly, plaintiff is entitled to a judgment of foreclosure, and it is hereby ordered that plaintiff’s motion is granted.
Plaintiff’s proposed order shall be signed.
Any matters not specifically addressed have been considered and denied.