SEAMEN'S BANK FOR SAVINGS IN THE CITY OF NEW YORK v.
McCOLLOUGH et al.  (No. 6767.)

(Supreme Court, Appellate Division, First Department.  February 5, 1915.)

USURY (§ 60*)—MORTGAGE RECORDING TAX—AGREEMENT FOR PAYMENT BY
MORTGAGOR.

   Agreement for payment by the mortgagor in good faith, as a necessary
expense of the transaction, of the mortgage recording tax levied by Laws
1906, c. 532, § 293, as amended by Laws 1907, c. 340, § 293, does not render
a mortgage usurious.

   [Ed. Note.—For other cases, see Usury, Cent. Dig. § 133; Dec. Dig.
§ 60.*]

Appeal from Special Term, New York County.

Action by the Seamen's Bank for Savings in the City of New
York against J. Hadley McCollough and others.  Judgment for plain-
tiff, and defendants appeal.  Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, DOWLING, and HOTCHKISS, JJ.

William G. Mulligan, of New York City, for appellants.
George W. Wickersham, of New York City, for respondent.

McLAUGHLIN, J.  This action was brought to foreclose two mort-
gages upon certain real estate in the city of New York.  One of them
was executed on the 17th of July, 1908, for $40,000, and the other on
February 3, 1909, for $10,000; each bearing interest at 6 per cent.  An-
swers were interposed by the owners of the equity of redemption, al-
leging that both mortgages were void for usury.  The plaintiff had a
judgment of foreclosure and sale, from which they appeal.

There is substantially no dispute between the parties concerning the
facts upon which the alleged usury is predicated.  The plaintiff, as a
condition of making the loans, required the borrowers to pay the
mortgage recording tax of one-half of 1 per cent. imposed upon the
recording of the mortgages by section 293, c. 532, Laws of 1906, as
amended by same section, c. 340, Laws of 1907.

I am of the opinion that the payment of the tax by the borrower,
under an agreement with the lender so to do, did not make the mort-
gages usurious.  The statute under which the recording tax was paid
does not prescribe by whom the same shall be paid.  People v. Trust
Co. of America, 205 N. Y. 74, 98 N. E. 207.  It is silent on that sub-
ject.  The payment is enforced by certain prohibitions as set forth in
section 295 of the same act.  This section provides, in substance, that a
mortgage upon real property shall not be recorded by any county
clerk or register, after a date named, unless there shall be paid the
tax specified; nor shall such mortgage be received in evidence, or a
judgment of foreclosure rendered thereon, until the tax has been paid.
These provisions are obviously for the purpose of securing to the state
the payment of the tax.  Chapter 340 of the Laws of 1907 was an
amendment of chapter 532 of the Laws of 1906, which in turn, amend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed chapter 729 of the Laws of 1905. The act of 1905 imposed an annual tax on each debt or obligation for the payment of money secured by a mortgage upon real property situate within the state, and section 309 of that act expressly provided that:

"Any contract or agreement in respect to any mortgage obligation or deed of trust, other than mortgage obligations and deeds of trust executed by corporations, by which the mortgagor shall agree or be bound to pay the tax or any part thereof imposed by this article, shall be usurious and void, and no judgment shall be obtained in any court of this state upon any obligation or mortgage subject to the tax imposed by this article when it shall be made to appear that there has been at any time any agreement that the mortgagor shall pay such tax, or any part thereof, or that the mortgagor has made any payment in pursuance of any such agreement."

It will be observed that the amendments of 1906 and 1907 contain no such provision, nor is there any provision whatever as to who shall pay the tax. This, as it seems to me, indicates a legislative intent to leave to the parties themselves to determine by agreement by whom such recording tax shall be paid. An agreement that the same shall be paid by the borrower does not render a mortgage usurious, any more than an agreement that the borrower will pay the expenses of searching the title, preparing the mortgage, or other necessary expenses actually incurred in good faith in connection therewith. Says Chief Judge Cullen in London Realty Co. v. Riordan, 207 N. Y. 264, 100 N. E. 800, Ann. Cas. 1914C, 408:

"Undoubtedly under the general usury laws of the state a requirement that the borrower shall pay the cost of having the title of mortgaged property examined and the other expenses attendant on the loan does not render the loan usurious. Such is the universal practice that has obtained from time out of mind. Therefore, if the validity of the loan depended on those statutes, the defense would not be established as a matter of law. It is true that payment might be exacted from the borrower, under the guise of defraying the expenses of a loan, which in reality was a mere cover for usury. In such case the form of the transaction would not save it from illegality; but whether the exaction was in this case a cover for usury or not was a question of fact. * * * The theory on which the borrower is required to pay the cost of the examination of the title is not that he employs the conveyancer, but that the lender is entitled to charge the borrower for the expenses to which the lender may be put in making the loan. This principle applies to all expenditures made in good faith."

Here the court found as a fact that it was one of the conditions of the loan that the mortgagor should pay the recording tax, and it was from funds thus furnished that the tax was paid by the attorneys representing the plaintiff. An agreement between a borrower and lender, requiring the former to pay the recording tax, is, in principle, precisely the same as requiring the borrower to pay the other necessary expenses attending the loan. This view is sustained by Lassman v. Jacobson, 125 Minn. 218, 146 N. W. 350, recently decided by the Supreme Court of Minnesota under a mortgage recording tax statute quite similar to our own. The court there, after referring to the nature of the tax imposed, said:

"We therefore conclude that there was no intention to legislate as to who should bear the burden of the mortgage registry tax, a necessary expense connected with the giving of a valid real estate security; but the parties

are free to contract with reference thereto, without thereby affecting the question of usury."

The judgment appealed from, therefore, is affirmed, with costs. All concur.