∎ STATE OF NEW YORK, Respondent, v CASTLE GARAGE CORPORATION et al., Defendants, and GREENWICH HOUSE HOLDING CORPORATION, Appellant. (And a Third-Party Action.)— Mikoll, J. Appeals (1) from an order of the Supreme Court (Prior, Jr., J.), entered October 17, 1989 in Albany County, which, *inter alia,* denied defendant Greenwich House Holding Corporation's motion for summary judgment dismissing the complaint against it, and (2) from the judgment entered thereon.

The question presented on this appeal is whether Supreme Court properly held that defendant Greenwich House Holding Corporation (hereinafter Greenwich House) is liable to defendant Castle Associates for any sums actually paid by Castle Associates to defendant Castle Garage Corporation (hereinafter Castle Garage) pursuant to a judgment against Castle Garage relating to the payment of a disputed 1982 unpaid retroactive increase of the mortgage recording tax. The answer is in the negative. The order and judgment of Supreme Court should be modified by reversing so much thereof as granted judgment in favor of Castle Associates over against Greenwich House.

On February 2, 1981, Castle Garage entered into a contract for the purchase and sale of certain property in New York City with Jane Holding Company (hereinafter Jane Holding), a New York partnership, for $475,000 in cash to be paid at the time of execution of the agreement and for a note and purchase-money mortgage in the sum of $2,080,000. On February 3, 1982, Jane Holding assigned its rights in this contract of sale to Castle Associates, also a New York partnership. Castle Associates assumed all obligations of Jane Holding under the contract of sale.

Also on February 3, 1982, Castle Garage deeded the property to Castle Associates and Castle Associates gave a first money mortgage to Castle Garage to secure the balance of the $2,080,000 mortgage due under the contract of sale. A mortgage recording tax of $31,200 then due was paid by Castle Associates on February 9, 1982. Subsequently, on April 12, 1982, the mortgage recording tax was increased by law retroactive to February 1, 1982 *(see,* L 1982, ch 57, § 2) making an additional $13,000 mortgage recording tax due. On March 8, 1983, plaintiff filed an estoppel notice giving notice that the mortgage could not be released, discharged of record, assigned, extended or received in evidence in any action or proceeding

until the proper tax and any applicable penalty and interest had been paid.

On June 14, 1982, Castle Garage assigned the mortgage dated February 3, 1982 (hereinafter the underlying mortgage) to Kenneth Wellner and Michael Wellner. Thereafter, on December 15, 1982, Castle Associates deeded the property to Greenwich House. The Wellners later assigned the underlying mortgage to National Consumer Cooperative Bank (hereinafter the Bank) on September 15, 1986. Greenwich House obtained an additional loan of $200,000 from the Bank and the Bank and Greenwich House executed a "Multifamily Mortgage Consolidation, Extension, Modification, Assignment of Rents and Security Agreement". It provided that the liens of the September 15, 1986 and the prior existing mortgage assigned to the Bank were consolidated so that the same constituted a valid single first mortgage on the property. This agreement also provided that if a mortgage recording tax were imposed on the instrument at any time, it would be the obligation of the borrower (Greenwich House) to pay.

The additional mortgage recording tax due as a result of the retroactive legislation was not paid and this action was originally commenced by plaintiff against Castle Garage. Plaintiff alleged in its complaint that pursuant to Tax Law § 266, Castle Garage, as mortgagee, was liable for the mortgage recording tax in the amount of $13,000, plus interest and penalties, which had not been paid on the mortgage dated February 3, 1982. Castle Garage, in a third-party complaint, alleged that Castle Associates was liable for the unpaid mortgage recording tax and that Greenwich House, as a mortgagor of the property, was liable for the recording tax. Apparently, plaintiff also commenced a separate action against Castle Associates and Greenwich House. After answers were served, the actions were consolidated.

Greenwich House then moved for summary judgment dismissing the complaint and third-party complaint against it alleging that there were no triable issues of fact. Plaintiff also moved for summary judgment against Castle Garage on the ground that Castle Garage, as the original mortgagee, was liable for the recording tax and that there were no issues of fact to be tried in its action. Castle Garage opposed these motions. Castle Associates cross-moved for summary judgment dismissing plaintiff's complaint and the third-party complaint of Castle Garage.

Supreme Court held that Castle Garage, from plaintiff's perspective, was primarily responsible for the tax and found

that plaintiff was entitled to summary judgment. Supreme Court therefore granted judgment in favor of plaintiff against Castle Garage in the amount of $13,000 plus interest and penalties, totaling $25,116. The court also granted judgment to Castle Garage over and against Castle Associates in the amount Castle Garage actually paid to plaintiff and in favor of Castle Associates over and against Greenwich House for any amounts Castle Associates actually paid to Castle Garage pursuant to the judgment. This appeal by Greenwich House ensued.

Supreme Court erred in directing that judgment be granted and entered in favor of Castle Associates against Greenwich House. Third-party defendant Castle Associates never cross-claimed over against third-party defendant Greenwich House. Consequently, Castle Associates is not entitled to any affirmative relief in the form of summary judgment over against Greenwich House (see, Privensal v Privensal, 295 NY 357). In light of the lack of any appeal on behalf of the other parties and in light of our reversal of the order and judgment entered in favor of Castle Associates against Greenwich House, the other issues raised herein have become academic and it is unnecessary to reach and determine them.

Order and judgment modified, on the law, without costs, by reversing so much thereof as granted judgment in favor of Castle Associates against Greenwich House Holding Corporation, and, as so modified, affirmed. Kane, Mikoll and Yesawich, Jr., JJ., concur.

Mahoney, P. J., and Casey, J., concur in part and dissent in part in a memorandum by Casey, J. Casey, J. (concurring in part and dissenting in part). We agree with the majority that Supreme Court erred in awarding summary judgment in favor of Castle Garage over against Greenwich House. We disagree, however, with the majority's affirmance of that portion of Supreme Court's order which denied the motion of Greenwich House for summary judgment dismissing the complaint and the third-party complaint against it. In our view the undisputed facts of this case establish that Greenwich House has no liability to any party in these actions for the retroactive mortgage recording tax increase. Accordingly, Greenwich House's motion for summary judgment should have been granted.

Tax Law § 266 authorizes plaintiff to enforce the mortgage recording tax by an action against certain parties. In its brief on appeal, plaintiff asserts that as applied to the facts of this

case, Tax Law § 266 authorizes an action only against the original mortgagee, Castle Garage, and its assignees or successors in interest. Plaintiff sued Castle Garage but did not sue any of the assignees or successors in interest. Conceding that Greenwich House is not a mortgagee subject to enforcement under Tax Law § 266, plaintiff nevertheless asserts that Greenwich House is liable to it pursuant to the terms of an agreement between Greenwich House and the Bank, which acquired the mortgage from Castle Garage's assignees. It is plaintiff's claim that the Bank is liable to plaintiff for the mortgage recording tax as a successor mortgagee under Tax Law § 266 and that since Greenwich House agreed to hold the Bank harmless for any mortgage recording tax due under the agreement, Greenwich House is liable to plaintiff. The contractual provision upon which plaintiff relies was clearly intended to protect the Bank from having to pay any mortgage recording tax. Since plaintiff elected not to pursue its statutory enforcement remedy against the Bank, the Bank is not subject to any liability for the mortgage recording tax and, therefore, Greenwich House has no obligation to the Bank. Tax Law § 266 provides the mechanism whereby plaintiff can enforce payment of the tax, and there is no justification for permitting plaintiff to seek enforcement of a provision of a contract to which it was not a party as an alternative method of compelling payment of the tax.

Tax Law § 266 also authorizes plaintiff to enforce payment of the tax in an action against the mortgagor or his successor in interest where the mortgage contains a stipulation requiring the mortgagor to pay the tax or where Tax Law article 11 imposes the obligation on the mortgagor. There is no claim that the latter provision is applicable in these circumstances, and the original mortgage on which the tax is due contains no stipulation concerning the payment of mortgage recording taxes. Although the agreement between Greenwich House and the Bank contains a provision concerning the payment of mortgage recording taxes, that agreement is not the mortgage which was subject to the retroactive mortgage recording tax increase. Indeed, plaintiff concedes that the agreement itself is not subject to any mortgage recording tax. Accordingly, Greenwich House is not a mortgagor subject to the enforcement provisions of Tax Law § 266.

As to the respective liabilities of the defendants and third-party defendants to each other for the mortgage recording tax, we must look to the parties' agreements (see, Seamen's Bank for Sav. v Fell, 166 App Div 271, 273). The unappealed

portions of the order and judgment establish that Castle Garage is liable to plaintiff as the original mortgagee, pursuant to Tax Law § 266, and that Castle Associates is liable over to Castle Garage pursuant to a provision in the contract of sale between Castle Garage and Castle Associates. As to Castle Garage's third-party claim against Greenwich House, there was no contractual relationship between these two parties whereby Greenwich House could have assumed Castle Garage's liability or agreed to hold it harmless for any mortgage recording tax. Greenwich House and Castle Associates did have a contractual relationship, whereby Greenwich House acquired the property subject to the mortgage. The mortgage itself contained no provision concerning the mortgage recording tax and there is no evidence in the record that Greenwich House assumed any of Castle Associates' liabilities, including the retroactive mortgage recording tax increase which was a personal liability of Castle Associates due and owing when Greenwich House bought the property. As to Greenwich House's subsequent agreement with the Bank concerning the payment of mortgage recording taxes arising out of that agreement, there is no evidence that the parties to the agreement (Greenwich House and the Bank) intended to benefit any third-party by relieving it of the responsibility for overdue mortgage recording taxes and imposing liability instead on Greenwich House.

Nor does Tax Law § 265 have any bearing on the liability of Greenwich House to plaintiff or any other party to these actions for the retroactive mortgage recording tax increase. That statute creates a lien for unpaid taxes, and does not impose personal liability for the taxes where none otherwise exists. In addition, the lien attaches to the mortgage (see, Tax Law § 265), not to the property, and Greenwich House does not appear in the chain of title of the mortgage.

Supreme Court's order and judgment should be modified by reversing so much thereof as granted judgment in favor of Castle Associates over against Greenwich House and denied Greenwich House's motion for summary judgment, and summary judgment dismissing the complaint and the third-party complaint should be granted to Greenwich House.